HARTER v CITY OF SWARTZ CREEK

MUNICIPAL CORPORATIONS—MUNICIPAL IMPROVEMENTS—STATUTES—
    NOTICE BY PUBLICATION—KNOWN PARTIES—CONTRACTS—SEW-
    AGE DISPOSAL—WATER SUPPLY—CONSTITUTIONAL LAW.

   A statute providing for notice by publication of a municipality's
   resolution authorizing the municipality to enter into a contract
   for sewage disposal and water supply is unconstitutional where
   the statute fails to provide adequate methods to notify known
   landowners and taxpayers (US Const, Am XIV; Const 1963, art
   2, § 16; MCLA 46.175b; MSA 5.2767[5.2]).

Appeal from Genesee, John W. Baker, J. Sub-
mitted December 3, 1975, at Lansing. (Docket No.
22643.) Decided January 7, 1976.

Complaint by Merten D. Harter, for himself and
all others similarly situated, against the City of
Swartz Creek, the County of Genesee, the county
drain commissioner, and others, challenging the
adequacy of the city's notice of a resolution to
enter sewage disposal and water supply contracts.
Summary judgment for defendants. Plaintiff ap-
peals. Reversed.

   *John M. Veale,* for plaintiff.

   *Edward P. Joseph,* for defendants.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK
and D. F. WALSH, JJ.

REFERENCE FOR POINTS IN HEADNOTE
56 Am Jur 2d, Municipal Corporations, Counties, and Other Politi-
    cal Subdivisions §§ 350, 560 *et seq.*

R. B. BURNS, P. J. The trial judge granted a summary judgment upholding the constitutionality of MCLA 46.175b; MSA 5.2767(5.2).

We reverse.

The City of Swartz Creek attempted to enter into sewage disposal and water supply contracts which were to be financed by municipal bonds. Notice was published in the Swartz Creek News.

Although plaintiff Harter is a landowner and taxpayer in Swartz Creek he is a resident of Bloomfield Hills and did not receive a copy of the newspaper.

The statute in question reads in relevant part as follows:

"Sec. 5b. Any city, village or township desiring to enter into a contract under the provisions of section 5a hereof shall authorize, by resolution of its governing body, the execution of such contract, which resolution shall be published in some newspaper of general circulation within such city, village or township, and such contract may be executed without a vote of the electors thereon upon the expiration of 30 days after the date of such publication unless, within said 30 day period, a petition signed by not less than 10 per centum of the registered electors residing within the limits of such city, village or township shall have been filed with the clerk thereof requesting a referendum upon the execution of such contract, and in that event such contract shall not be executed until approved by the vote of a majority of the electors of such city, village or township qualified to vote and voting thereon at a general or special election to be held not more than 90 days after the filing of such petition. Whenever any such contract is to be entered into by any township only on behalf of the unincorporated area of the township, only the registered electors residing within the unincorporated area of the township shall be qualified to sign such petition and vote at such election."

*Ridenour v Bay County,* 366 Mich 225, 242–243; 114 NW2d 172, 180 (1962), dealt with a similar statute concerning the board of public works in Bay County. Former Chief Justice THOMAS M. KAVANAGH, writing for the Court, stated:

"The statute we are dealing with in the instant case provides only for publication for known and unknown parties. We hold PA 1959, No 161, offends the due process clauses of both the Fourteenth Amendment to the Federal Constitution and article 2, § 16 of the State Constitution under circumstances where it fails to provide adequate methods of notice for known parties."

The rule was followed in *International Salt Co v Wayne County Drain Commissioner,* 367 Mich 160; 116 NW2d 328 (1962), and reaffirmed in *Alan v Wayne County,* 388 Mich 210; 200 NW2d 628 (1972).

We hold MCLA 46.175b; MSA 5.2767(5.2) unconstitutional.

Reversed. Costs to plaintiff.