HARTER v CITY OF SWARTZ CREEK (ON REHEARING)

1. CONSTITUTIONAL LAW—STATUTES—MUNICIPAL CORPORATIONS—
   PROPERTY TAXATION—CONTRACTS—NOTICE REQUIREMENTS—
   PUBLICATION—DUE PROCESS.

   A notice by publication of the intent of a unit of government to
   execute a contract affecting property taxes, given in accordance
   with statutory provision, is sufficient to satisfy the constitu-
   tional requirement of due process of law (MCLA 46.175b; MSA
   5.2767[5.2]).

2. CONSTITUTIONAL LAW—DUE PROCESS—PROPERTY TAXATION—NOTICE
   BY PUBLICATION—SUBSTITUTION—REASONABLE NOTICE.

   Notice by publication is recognized as a customary substitute
   where the publication is calculated to give reasonable notice to
   the parties involved and it is not reasonably possible or practi-
   cable to give more adequate legal warning.

3. CONSTITUTIONAL LAW—DUE PROCESS—PROPERTY TAXATION—NOTICE
   —JUDICIAL BALANCING—PERSONAL NOTICE—COMPELLING REA-
   SONS.

   A determination of the constitutionality of a particular statutory
   notice scheme requires judicial balancing of the plaintiff's right
   to notice against the factors of economy and practicability in
   determining the form that this notice must or should take; the
   right of a property owner to be free from an increase in general
   ad valorem taxation without an opportunity to present his
   objections is not so qualitatively compelling as to require
   personal notice to each taxpayer and notice by publication as
   provided by statute is therefore sufficient (MCLA 46.175b; MSA
   5.2767[5.2]).

Appeal from Genesee, John W. Baker, J. Sub-
mitted January 7, 1976, at Lansing. (Docket No.
22643.) Decided April 5, 1976. Leave to appeal
denied, 396 Mich 865.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 71 Am Jur 2d, State and Local Taxation § 56.

Complaint by Merten D. Harter, for himself and all others similarly situated, against the City of Swartz Creek, Genesee County, the county drain commissioner, and Northern Trust Bank challenging the adequacy of notice of a resolution to enter sewage disposal and water supply contracts. Judgment for defendants. Plaintiff appealed. Reversed. Intervention by the Attorney General. Defendants' petition for rehearing before the Court of Appeals granted. Previous holding reversed and summary judgment for defendants affirmed.

*John M. Veale,* for plaintiff.

*Dickinson, Wright, McKean, Cudlip & Moon,* (by *Charles R. Moon* and *John A. Everhardus)* special counsel for the County of Genesee and Genesee County Drain Commission.

*Edward P. Joseph,* City Attorney, for the City of Swartz Creek.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Milton I. Firestone* and *Craig Atchinson,* Assistants Attorney General, intervenors.

Amicus Curiae:

*Miller, Canfield, Paddock & Stone* (by *Stratton S. Brown) (Dennis R. Neiman,* of counsel), for the Michigan Association of Municipal Attorneys and the cities of Ann Arbor, Big Rapids, Dowagiac, Lansing, Livonia, Manistee, Southfield and Traverse City, and the County of Baraga.

*Miller, Canfield, Paddock & Stone* (by *Stratton S. Brown) (Dennis R. Neiman,* of counsel), and

*Lewis, White, Lee, Clay & Graves, P. C.* (by *David B. Lewis)*, for the City of Detroit.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and D. F. WALSH, JJ.

ON REHEARING

R. B. BURNS, P. J. In this case we have granted defendants' application for rehearing and entertained additional oral argumentation.

The facts are simple, and stipulated. During the period at issue, plaintiff was a landowner and taxpayer in Swartz Creek, but a resident of Bloomfield Hills. Swartz Creek undertook to enter into two sewage disposal and water supply contracts to be financed by municipal bonds, which bonds were to be redeemed by ad valorem taxation. As required by MCLA 46.175b; MSA 5.2767(5.2), notice to this effect was published in the Swartz Creek *News.* Plaintiff never received a copy of the newspaper, and asserted that he was not aware of the publications until long after the statute's prescribed period for petition and referendum had expired. Plaintiff claims violation of his constitutional right to due process of law under the Federal and state constitutions. US Const, Am XIV; Const 1963, art 1, § 17. On the authority of *Ridenour v County of Bay,* 366 Mich 225; 114 NW2d 172 (1962), *International Salt Co v Wayne County Drain Commission,* 367 Mich 160; 116 NW2d 328 (1962), and *Alan v Wayne County,* 388 Mich 210; 200 NW2d 628 (1972), we agreed with plaintiff, and we held MCLA 46.175b; MSA 5.2767(5.2) to be unconstitutional. *Harter v City of Swartz Creek,* 66 Mich App 522; 239 NW2d 422 (1976).

We reconsider the issue: Is notice by publication

as provided by MCLA 46.175b; MSA 5.2767(5.2) sufficient to satisfy the constitutional requirement of due process of law? It is in the answer to this question that we conclude that our earlier opinion was incorrect.

*Mullane v Central Hanover Bank & Trust Co,* 339 US 306; 70 S Ct 652; 94 L Ed 865 (1950), has long been the leading statement of the United States Supreme Court on due process notice requirements. The Court was significantly concerned about the "fiction" of actual notice by publication:

"Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed." 339 US 306, 315.

Repeatedly referring to "the limits of practicability" and "due regard for the practicalities and peculiarities of [each] case", the Court emphasized the necessity of "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections". 339 US 306, 314. Notice by publication was recognized as a "customary substitute" where "it is not reasonably possible or practicable to give more adequate warning". 339 US 306, 317.

*Alan v Wayne County, supra,* analyzed *Mullane* and reached the following conclusion, 388 Mich 210, 351:

"*Mullane* holds only that the method of notice chosen must give reasonable assurance of actually giving notice in light of other available means: * * * The kind of notice required depends on the circumstances of the

case and the availability of other means in both a theoretical and economic sense."

Turning to the circumstances of this case, we face the inevitable: the message of *Mullane* and *Alan* is that any determination of the constitutionality of a particular statutory notice scheme will be essentially judgmental. Our concern, in the absence of hard and fast rules, is to avoid the unpredictability generated by approving a totally unrestrained ad hoc approach.

While we have determined that plaintiff has a right to notice, the balancing approach of *Mullane* and *Alan* requires us to specifically weigh plaintiff's right against the factors of economy and practicability in determining the form that this notice must or should take. In *Mullane,* plaintiffs were the beneficiaries of a trust; the Court expressly found their property interest to be "substantial", and notice by publication only was deemed insufficient. Both *Ridenour, supra,* and *International Salt, supra,* involved *special assessment* districts and stand for the proposition that in such cases publication of notice in a local newspaper would always be constitutionally deficient as to known parties. By contrast, the property right to be free from an increase in general ad valorem taxation is qualitatively less compelling.

In the *Alan* case the Court specifically recognized the *Ridenour* decision but continued:

"We do not hold that due process requires personal notification of every taxpayer, nor do we hold that there must be any mailed notice or *personal* notice to everyone. *Mullane* holds only that the method of notice chosen must give reasonable assurance of actually giving notice in light of other available means:

" 'The statutory notice to known beneficiaries is inad-

equate, *not because it in fact fails to reach everyone,* but because *under the circumstances it is not reasonably calculated to reach those who could easily be informed by other means at hand.' Mullane,* 319. (Emphasis added.)

"The kind of notice required depends on the circumstances of the case and the availability of other means in both a theoretical and economic sense." 388 Mich 210, 350–351.

In the present case notices of the bond issues were published in the Swartz Creek News. Both notices, attached hereto, had headlines in large bold type: "CITY OF SWARTZ CREEK RESOLUTION". Both notices set forth the entire resolution, the contract involved, the city's obligation and the right to petition for referendum. The notices were approximately 8 inches by 9 inches and were printed in adequate type.

In our opinion the notices were calculated to give reasonable notice to the taxpayers involved.

We reverse our previous holding and affirm the summary judgment.

No costs, a public question.