## KARPENKO v CITY OF SOUTHFIELD

1. Zoning—Constitutional Law—Zoning Enabling Act—Due Process—Notice—Equal Protection—Statutes.

   The notice provisions of the zoning enabling act are not unconstitutional and do not deny due process or equal protection (MCLA 125.584; MSA 5.2934).

2. Zoning—Property Owners—Nearby Property.

   Property owners have no vested interest in the zoning classifications of nearby property.

3. Constitutional Law—Deed Restrictions—Negative Reciprocal Easements—Due Process—Notice—Zoning—Rezoning.

   The existence of deed restrictions containing negative reciprocal easements is irrelevant to the question of whether due process requires that interested parties be individually mailed notice regarding the proposed rezoning of property.

4. Zoning—Notice by Publication—Rezoning—Due Process.

   Notice by publication is reasonably calculated to inform interested property owners of pending proposals for the rezoning of property and affords them an opportunity to present objections to such rezoning; notice by publication is sufficient and lack of individually mailed notice is not a denial of due process.

5. Constitutional Law—Due Process—Notice—Judicial Balancing—Personal Notice.

   A determination of the constitutionality of a particular statutory notice scheme requires judicial balancing of the right to notice against the factors of economy and practicability in determining the form that this notice must or should take.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Zoning and Planning § 7.
[2] 82 Am Jur 2d, Zoning and Planning § 265.
[3, 4] 82 Am Jur 2d, Zoning and Planning § 47.
[5] 82 Am Jur 2d, Zoning and Planning § 50.
[6] 82 Am Jur 2d, Zoning and Planning § 14.
[7] 82 Am Jur 2d, Zoning and Planning § 15.
[8] 82 Am Jur 2d, Zoning and Planning § 153.

6. CONSTITUTIONAL LAW—RATIONAL BASIS TEST—SOCIAL LEGISLATION
—ECONOMIC LEGISLATION—EQUAL PROTECTION—SUSPECT CLASSI-
FICATIONS—FUNDAMENTAL INTERESTS.

The rational basis test is the proper test where legislation of a
social or economic character is challenged on equal protection
grounds and where no suspect classifications or fundamental
interests are involved.

7. CONSTITUTIONAL LAW—EQUAL PROTECTION—STATUTORY CLASSIFICA-
TIONS—SUBSTANTIAL-RELATION-TO-THE-OBJECT TEST.

Under the "substantial-relation-to-the-object test", a statutory
classification or differentiation between similarly situated
groups or persons must bear a reasonable relationship to a
legitimate state purpose or be based upon a ground of differ-
ence having a fair and substantial relation to a legitimate
object of the legislation in order to satisfy equal protection
requirements.

8. ZONING—CONSTITUTIONAL LAW—ZONING ENABLING ACT—SUBSTAN-
TIAL-RELATION-TO-THE-OBJECT TEST—STATUTES.

The notice provisions of the zoning enabling act are shown by the
"substantial-relation-to-the-object test" to be constitutional
where notice of proposed zoning amendments is given by regis-
tered mail to utilities and railroads, but only newspaper publi-
cation is given to other property owners, since the interests of
the utilities and railroads are vastly different from those of the
other property owners, the property owners and the utilities
and railroads are not "similarly situated" so as to require equal
treatment, and the classification is reasonably related to a
legitimate state purpose (MCLA 125.584; MSA 5.2934).

Appeal from Oakland, James S. Thorburn, J.
Submitted February 9, 1977, at Detroit. (Docket
No. 29509.) Decided April 19, 1977. Leave to ap-
peal applied for.

Complaint by Boris Karpenko and others against
the City of Southfield, A. J. Etkin Construction
Company, and Lawrence Institute of Technology
for an injunction restraining the construction of a
nine-story dormitory, for a declaration that a zon-
ing ordinance is unconstitutional, and for damages
for diminution in property values. Judgment for
defendants. Plaintiffs appeal. Affirmed.

*Michael B. Serling,* for plaintiffs.

*Sigmund A. Beras,* City Attorney, for defendant City of Southfield.

*McClintock, Donovan, Carson & Roach,* for defendant A. J. Etkin Construction Company.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *James D. Tracy, Paul R. Rentenbach* and *Joseph C. Basta),* for defendant Lawrence Institute of Technology.

Before: M. J. KELLY, P. J., and J. H. GILLIS and R. M. MAHER, JJ.

M. J. KELLY, J. The issue is whether the notice provisions of the zoning enabling act, MCLA 125.584; MSA 5.2934, are unconstitutional as violative of due process and equal protection.

Plaintiffs brought this action on June 28, 1976 seeking damages and to restrain defendants from constructing a nine-story dormitory on land of defendant Lawrence Institute of Technology. Plaintiffs asked the trial court to find unconstitutional a certain Southfield zoning ordinance amendment which rezoned the property in question from single family residential to educational, research and office. Plaintiffs also asked that Michigan's zoning enabling act, MCLA 125.581, *et seq.;* MSA 5.2931 *et seq.,* particularly the notice provisions, MCLA 125.584; MSA 5.2934, be declared unconstitutional. Plaintiffs fault the act because it does not require mailed notice of zoning board hearings to interested parties concerning proposed zoning amendments.

Plaintiffs obtained an order to show cause why a temporary restraining order and preliminary in-

junction should not issue preventing further construction on the dormitory and enjoining enforcement of the Southfield zoning ordinance amendment. At the show cause hearing on June 30, 1976, the trial court refused to grant the restraining order or the injunction but issued an admonition to defendants: that they proceed at their own peril since the court would not hesitate to order the dormitory demolished if plaintiffs prevailed. The trial was held the next day and the court ruled against granting the relief requested by plaintiffs. Plaintiffs appeal from that decision.[1]

## I

Do the notice provisions of the zoning enabling act, MCLA 125.584; MSA 5.2934, satisfy the standards of due process imposed by the Federal and state constitutions in that they only require a city to furnish notice of hearings by publication?

MCLA 125.584; MSA 5.2934 provides in pertinent part:

"The legislative body of a city or village may provide by ordinance for the manner in which regulations and boundaries of districts or zones shall be determined and enforced or, from time to time, amended, supplemented, or changed. A public hearing shall be held before a regulation shall become effective. Not less than 15 days' notice of the time and place of the public hearing shall first be published in an official paper or a paper of

[1] Claim of appeal was filed July 20, 1976. Plaintiffs sought a stay of proceedings and injunction without bond pending appeal; this motion was denied by this Court on August 30, 1976. According to defendants' brief, on September 29, 1976, the Michigan Supreme Court denied defendants' application for leave to appeal prior to decision by the Court of Appeals, and also denied plaintiffs' motion for stay of proceedings and injunction without bond. The Supreme Court further denied plaintiffs' application for leave to appeal from the August 30, 1976 order of this Court, and denied plaintiffs' motion for stay of proceedings and injunction without bond pending appeal.

general circulation in the city or village, and not less than 15 days' notice of the time and place of the public hearing shall first be given by registered United States mail to each public utility company and to each railroad company owning or operating any public utility or railroad within the districts or zones affected, and a hearing be granted a person interested at the time and place specified."

We have been unable to find any Michigan case dealing with due process challenges to the above provision. Plaintiffs rely principally on *Dow v Michigan,* 396 Mich 192; 240 NW2d 450 (1976), for the proposition that notice by publication is insufficient. In *Dow* the Court held that notice by publication of tax foreclosure proceedings was inadequate as to real property interests of record. The Court reasoned:

"The 'opportunity to be heard' includes the right to notice of that opportunity. 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' *Mullane v Central Hanover Bank & Trust Co, supra* [339 US 306; 70 S Ct 652; 94 L Ed 865 (1950)], p 314. * * *

"Newspaper publication is a formality. A few institutional lenders may hire persons to scan such notices, but newspaper publication for most property owners provides no notice at all.

" 'Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed. The chance of actual notice is further reduced when, as here, the notice required does not even name those whose attention it is supposed to attract, and does not inform acquaintances who might

call it to attention. *In weighing its sufficiency on the basis of equivalence with actual notice we are unable to regard this as more than a feint.' Mullane v Central Hanover Bank & Trust Co, supra* p 315. (Emphasis supplied.)" 396 Mich at 205–206, 207–208. (Emphasis in original.)

In *Dow* the interests involved were significant real property interests which were being foreclosed by the State of Michigan. The plaintiffs in *Dow* were land contract purchasers and the titleholder of the real property, who had lost their respective interests in the property with no actual notice. In the present case, plaintiffs' interests arise from their status as adjoining and neighboring property owners and their interests in the rezoning of a parcel of land in close proximity to their property is not as significant as the interests of the plaintiffs in *Dow.* It has been held that nearby property owners have no vested interest in zoning classifications.[2]

Plaintiffs argue that negative reciprocal easements gave them a significant interest in the 1968 rezoning classification. Certain deed restrictions which bound plaintiffs and defendant Lawrence Institute expired in 1970. Such restrictions could have been enforced despite a less restrictive zoning classification.[3] We find the existence of deed restrictions to be irrelevant to the question of whether individual mailed notice of proposed rezoning is constitutionally required.

The question is whether notice by publication is reasonably calculated under these circumstances

---

[2] *Lamb v City of Monroe,* 358 Mich 136; 99 NW2d 566 (1959), *Baker v Algonac,* 39 Mich App 526; 198 NW2d 13 (1972), *lv den,* 388 Mich 769 (1972). *But see D'Agostini v City of Roseville,* 396 Mich 185; 240 NW2d 252 (1976).

[3] *Phillips v Lawler,* 259 Mich 567; 244 NW 165 (1932), *Brideau v Grissom,* 369 Mich 661; 120 NW2d 829 (1963).

to inform interested parties of the pendency of the action and afford them an opportunity to present objections. In *Harter v Swartz Creek (On Rehearing)*, 68 Mich App 403; 242 NW2d 792 (1976), this Court found that notice by publication was sufficient to inform property owners of an increase in ad valorem taxation, even though plaintiff, a landowner and taxpayer in Swartz Creek, was a resident of Bloomfield Hills. This Court stated:

"Turning to the circumstances of this case, we face the inevitable: the message of *Mullane [v Central Hanover Bank & Trust Co,* 339 US 306; 70 S Ct 652; 94 L Ed 865 (1950)] and *Alan [v Wayne County,* 388 Mich 210; 200 NW2d 628 (1972)]* is that any determination of the constitutionality of a particular statutory notice scheme will be essentially judgmental. Our concern, in the absence of hard and fast rules, is to avoid the unpredictability generated by approving a totally unrestrained ad hoc approach.

"While we have determined that plaintiff has a right to notice, the balancing approach of *Mullane* and *Alan* requires us to specifically weigh plaintiff's right against the factors of economy and practicability in determining the form that this notice must or should take. In *Mullane,* plaintiffs were the beneficiaries of a trust; the Court expressly found their property interest to be 'substantial', and notice by publication only was deemed insufficient. Both *Ridenour, supra [v County of Bay,* 366 Mich 225; 114 NW2d 172 (1962)], and *International Salt, supra [v Wayne County Drain Commission,* 367 Mich 160; 116 NW2d 328 (1962)], involved *special assessment* districts and stand for the proposition that in such cases publication of notice in a local newspaper would always be constitutionally deficient as to known parties. By contrast, the property right to be free from an increase in general ad valorem taxation is qualitatively less compelling." (Emphasis in original.) 68 Mich App at 407.

We find this reasoning applicable to the case at

bar. In balancing plaintiffs' rights to notice against economy and practicality in determining the form of notice, we hold that notice by publication is sufficient. See *Lanphear v Antwerp Township,* 50 Mich App 641, 652–653; 214 NW2d 66 (1973). We also find plaintiff's interests "qualitatively less compelling" than the interests recognized in *Dow, supra.*

Courts in other jurisdictions have uniformly held that notice by publication is sufficient and lack of individual mailed notice is not a denial of due process. Anno, 96 ALR2d 449, § 4, pp 459–461 and 96 ALR2d Later Case Service, § 4, p 311.

Although we agree that newspaper notice is not the type of notice which would inform the greatest number of people, any step requiring individual mailed notice should be taken by the Legislature and not by this Court.

## II

Do the notice provisions of the zoning enabling act deny plaintiffs equal protection under the Federal and state constitutions, because notice of proposed zoning amendments is given by registered mail to utilities and railroads, but only newspaper publication is given to others?

Although the trial court did not specifically rule on plaintiffs' equal protection claim, the issue was argued by both sides at trial, and therefore we will consider it.

MCLA 125.584; MSA 5.2934, provides for notice by registered mail to public utilities and railroads within the districts or zones affected by the proposed zoning amendment and notice by publication to all others.

Plaintiffs do not argue that a fundamental inter-

est or a suspect classification is involved in this legislative differentiation. Rather the legislation is of a social or economic character and as such the proper test is the traditional rational basis test. See *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 668; 232 NW2d 636 (1975). However, in *McGowan,* the Court, in striking down Michigan's guest passenger statute, employed the "substantial-relation-to-the-object test", commonly referred to as the "means-scrutiny" test.[4] This test has recently been defined by this Court as follows:

"Under an equal protection analysis the statutory classification or differentiation between similarly situated groups or persons must bear a rational relationship to a legitimate state purpose or be based upon a ground of difference having a fair and substantial relation to a legitimate object of the legislation." *People v McDonald,* 67 Mich App 64, 71; 240 NW2d 268 (1976).

In applying this test to the present case, we find the notice provisions constitutional. The interests of utilities and railroads are vastly different from plaintiffs'. In addition to their easements, which are recognized property rights, the utilities and railroads need actual knowledge of proposed rezoning to plan for expansion and future construction. Thus, plaintiffs and these companies are not "similarly situated" so as to require equal treatment under the equal protection clauses. We find the classification reasonably related to a legitimate state purpose.

---

[4] In *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 671; 232 NW2d 636 (1975), Justice Levin writing for the majority stated:

"So, too, is the choice of test a matter of judgment. In my judgment, at least where the challenged statute carves out a discrete exception to a general rule and the statutory exception is no longer experimental, the substantial-relation-to-the-object test should be applied."

In light of our decision, it is unnecessary to discuss the remaining issues.

Affirmed. No costs, a public question being involved.