KLCO v DYNAMIC TRAINING CORPORATION

Docket No. 118174. Submitted June 11, 1991, at Lansing. Decided
November 19, 1991, at 9:00 A.M. Leave to appeal sought.

Kathleen Klco brought a wrongful discharge action in the Ing-
ham Circuit Court against Dynamic Training Corporation and
others, including Richard J. Abood. Abood filed a third-party
claim against Cassandra Anderson, a Dynamic Training em-
ployee, alleging that she had slandered him in a conversation
with Klco's attorney. The court, Carolyn Stell, J., granted
summary disposition for Anderson with respect to Abood's
third-party claim, certified its order of dismissal as final on the
date of its entry, and ordered Abood and his attorney to pay
Anderson's costs and attorney fees. Abood appealed.

The Court of Appeals *held:*

1. The Court of Appeals is without jurisdiction of Abood's
appeal as of right because it was not filed within twenty-one
days of the entry of the order of summary disposition, as
required by MCR 7.204. If the Court of Appeals had jurisdic-
tion, the dismissal of the slander claim would be affirmed
despite uncertainty about whether Michigan would adopt a
principle of privilege regarding communication by a witness to
an attorney in connection with a judicial proceeding because
Abood failed to plead or present a claim of malice in avoidance
of the privilege.

2. Sanctions were properly imposed on Abood and his attor-
ney pursuant to MCL 600.2591; MSA 27A.2591 and MCR 2.114.
The trial court did not clearly err in finding that the slander
claim was not warranted by existing law or a good-faith argu-
ment for the extension, modification, or reversal of existing
law. The trial court also did not abuse its discretion with
respect to the amount of sanctions.

3. Abood and his attorney were given a sufficient opportunity

REFERENCES

Am Jur 2d, Appeal and Error §§ 292-308; Motions, Rules, and
Orders § 29; Parties §§ 192-197; Summary Judgment §§ 37, 43.

See the Index to Annotations under Dismissal, Discontinuance, and
Nonsuit; Judgments, Orders, and Decrees; Summary Judgment;
Third Party Proceedings.

to be heard regarding the issue of sanctions at the hearing on the motion for sanctions. Thus, Abood's claim of lack of due process with respect to the imposition of sanctions is without merit.

Affirmed.

APPEAL — FINAL ORDERS — COURT RULES.
An order summarily dismissing a third-party claim, if certified as final when entered, must be appealed by the third-party plaintiff as of right within twenty-one days of its entry in order for the appeal to be considered timely (MCR 7.204).

*Abood & Doyle, P.C.* (by *Thomas A. Doyle*), for Richard J. Abood.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Mary T. Nemeth*), for Cassandra Anderson.

Before: McDONALD, P.J., and MacKENZIE and HOLBROOK, JR., JJ.

PER CURIAM. Third-party plaintiff, Richard J. Abood, appeals as of right from a December 15, 1988, order granting summary disposition in favor of third-party defendant, Cassandra Anderson, of Abood's slander claim. He also appeals from the court's May 31, 1989, order imposing court costs and attorney fees on him and his attorney as sanctions under MCR 2.114(E) and (F) and MCL 600.2591; MSA 27A.2591. We affirm.

Abood first claims error in the court's grant of summary disposition pursuant to MCR 2.116(C)(8) and (10). However, we find this issue is not properly before the Court. The order granting summary disposition was dated December 15, 1988, and was certified as a final order. MCR 7.204 requires that an appeal of right be taken within twenty-one days of the entry of the judgment or order appealed from. This claim of appeal was not filed until June 14, 1989, well beyond the twenty-

one-day period. This Court is therefore without jurisdiction to address this issue.

Although we recognize a previous panel of this Court in *Comm'r of Ins v Advisory Bd of the Mich State Accident Fund,* 173 Mich App 566; 434 NW2d 433 (1988), has interpreted MCR 7.204 as permitting, but not requiring, the filing of an appeal from an order certified as final within twenty-one days, we find such an interpretation unsupported by the language of the rule. Additionally, even were the interpretation of the rule in *Accident Fund* proper, Abood's appeal would still be untimely. The Court in *Accident Fund* found timely the filing of an appeal within twenty-one days of the certified order or one filed after entry of the order disposing of all claims. Abood failed to meet either of these requirements, having filed his claim more than twenty-one days after the entry of the certified order and before entry of the order disposing of all claims. We note, in hopes of preventing further protraction of this lawsuit, that were the issue properly before us, we would find the court's grant of summary disposition proper. Although it is not clear whether Michigan would adopt a principle of absolute privilege regarding communications made by a witness to an attorney in connection with a judicial proceeding, Abood failed to plead or present a claim of malice in avoidance of qualified privilege.

Abood next claims the court erred in imposing sanctions upon him and his attorney under MCL 600.2591; MSA 27A.2591 and MCR 2.114(D)(2) because it found that the slander claim was not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. We do not find the court's finding clearly erroneous. *In re Goehring,* 184 Mich App 360; 457 NW2d 375 (1990). As noted by the court,

Abood failed to cite precedent from *any* jurisdiction in support of his position that Anderson's statement was not privileged. Careful research would have established the complete lack of support for his position. We find the court's award of reasonable attorney fees and costs proper under both the court rule and the statute.

Likewise, we find no abuse of discretion in the amount of sanctions ordered by the court. The record reveals the court considered proper factors, see *Wood v DAIIE,* 413 Mich 573; 321 NW2d 653 (1982), in determining the amount of the fees and disallowed any it felt were unnecessary or inaccurate.

Lastly, we reject Abood's claim that he was given insufficient opportunity to be heard with regard to the imposition of sanctions.

Analysis of what process is due in a particular proceeding depends on the nature of the proceeding and the interest affected by it. *Artibee v Cheyboygan Circuit Judge,* 397 Mich 54; 243 NW2d 248 (1976); *Kennedy v Bd of State Canvassers,* 127 Mich App 493; 339 NW2d 477 (1983). Generally, due process in civil cases requires notice of the nature of the proceeding, *Van Slooten v Larsen,* 410 Mich 21; 299 NW2d 704 (1980), an opportunity to be heard in a meaningful time and manner, *Blue Cross & Blue Shield of Mich v Comm'r of Ins,* 155 Mich App 723; 400 NW2d 638 (1986), and an impartial decision maker, *Crampton v Dep't of State,* 395 Mich 347; 235 NW2d 352 (1975); *Harter v Swartz Creek (On Reh),* 68 Mich App 403; 242 NW2d 792 (1976). The opportunity to be heard does not require a full trial-like proceeding, but does require a hearing to the extent that a party has a chance to know and respond to the evidence.

*Westland Convalescent Center v Blue Cross & Blue Shield of Mich,* 414 Mich 247; 324 NW2d 851 (1982).

We find Abood and his attorney were given a sufficient opportunity to be heard when the court held the hearing on the motion to impose sanctions.

Affirmed.