LAPHAM *v.* WAYNE CIRCUIT JUDGE.

APPEAL AND ERROR—DENIAL OF EXTENSION OF TIME TO APPEAL NOT
OVERRULED IN ABSENCE OF SHOWING OF ABUSE OF DISCRETION.
In the absence of a showing of abuse of discretion of the
trial court in denying an extension of time in which to
perfect an appeal, the Supreme Court will not overrule
that discretion.[1]

Mandamus by James Lapham to compel Adolph F.
Marschner, circuit judge of Wayne county, to vacate
an order denying an extension of time to perfect an
appeal.    Submitted April 7, 1925.    (Calendar No.
31,798.)    Writ denied June 18, 1925.    Rehearing
denied October 1, 1925.

*William A. Flanigan* (*Henry C. Walters* and *David
A. Harper,* of counsel), for plaintiff.

*Ignatius J. Salliotte,* for defendant.

CLARK, J.    The bill was filed in 1903.    No attempt
was made to bring the cause to trial until a motion
to dismiss had been made by defendants in the cause
in September, 1922.    William A. Flanigan was sub-
stituted as attorney of record for plaintiff and trial
followed, Mr. Henry C. Walters assisting, and attorney
Leo S. Schrot having principal charge of the cause.
Decree dismissing the bill was entered April 26, 1924.
Plaintiff claimed appeal, paid the fee, filed certificate
of the stenographer, and got extension of time for
settling the case on appeal.    The transcript was
finished and an attorney, Schrot, informed thereof on
or about June 14, 1924.    By stipulation time was
again extended from July 10th to August 15, 1924.

---

[1] Appeal and Error, 4 C. J. § 1989.

Further stipulation of time was refused on or about August 15th, and on that day an attorney for plaintiff obtained without notice to attorney for defendants an order extending time, which order, on motion, was set aside on August 20th.

From August 20th, when an attorney for plaintiff received the transcript, to October 28, 1924, nothing was done toward perfecting an appeal as far as attorney for defendants had notice. On or about October 28, 1924, motion to extend time was made, supported by affidavits showing that Mr. Walters had been retained to work in conjunction with Mr. Flanigan and Mr. Schrot in preparing and presenting a case on an appeal; that Mr. Walters had been in Europe from July 9, 1924, to September 2, 1924; and that following his return had been ill and not able to transact business. There were also affidavits, giving basis for the finding by the circuit judge that attorney Schrot had been notified by the stenographer on or about June 14th that the transcript was ready for delivery, but that the same was not procured until August 20th. The motion was denied on November 1, 1924. A motion was then made by plaintiff to vacate the order denying extension of time. This was supported by affidavits elaborating the matter offered in support of the motion which had been denied. This motion was also denied. In the return to the order to show cause, the circuit judge stated:

 *  *  * "that no good cause for this delay from August 20, 1924, to November 1, 1924, has been shown; *  *  * This respondent further shows that after the time in which to perfect an appeal had expired the defendants executed to the Detroit Edison Company certain easements over the property involved in this dispute and that they also settled with the Detroit, Toledo and Ironton Railroad for a right-of-way over the property involved in this litigation. This respondent further shows that after considering all af-

fidavits and the motion presented at said hearing, he found in his discretion, that the plaintiffs herein had not presented a good cause for the extension of time in which to perfect said appeal and settle said case made."

The failure of plaintiff to accept delivery of the transcript promptly on or after June 14th, as stated, is also not satisfactorily explained. In *Smilansky* v. *Wayne Circuit Judge,* 186 Mich. 463, it was said:

"It has been repeatedly announced by this court that an application for an extension of time in which to perfect an appeal is addressed to the sound discretion of the trial court, and that it must be clear that his discretion has been abused before the determination with reference thereto will be overruled."

From an examination of the facts and a consideration of the delay as stated, we are unable to find any such abuse of discretion, affirmatively shown, as to warrant this court in overruling that discretion. See *Reynick* v. *Saginaw Circuit Judge,* 210 Mich. 563.

Writ denied, with costs to defendant.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.