SZABO v INSURANCE COMMISSIONER

Docket No. 44974. Submitted June 10, 1980, at Detroit.—Decided
August 27, 1980.

The Commissioner of Insurance sought access to the files of
Ronald S. Szabo, an insurance agent, and Szabo refused to
grant access. After a hearing the commissioner issued an order
suspending Szabo's agency license and imposing a fine for the
refusal to allow access to the files. Szabo appealed to the Wayne
Circuit Court, which affirmed the commissioner's order,
Thomas Roumell, J. Szabo appeals, alleging that the commis-
sioner does not have the authority to examine all of the
insurance records of a licensed agent. *Held:*

The commissioner is authorized to examine all records of an
insurance agent which will shed light on the financial transac-
tions relating to insureds and insurers.

Affirmed.

1. Statutes — Construction of Statutes — Legislative Intent.

The object when interpreting a statute is to ascertain the legisla-
tive intent in enacting the provision.

2. Courts — Administrative Law — Statutes — Construction of
Statutes.

Courts should give deference to an administrative agency's inter-
pretation of a statutory provision where the Legislature has
properly delegated authority to the agency to carry out the
mandates of the statute, although the courts are not bound by
the agency's interpretation.

3. Insurance — Statutes — Construction of Statutes.

Insurance laws are to be liberally construed in the interests of
the public, policy holders and creditors.

References for Points in Headnotes
[1] 73 Am Jur 2d, Statutes §§ 145, 146.
[2] 73 Am Jur 2d, Statutes § 168.
[3] 43 Am Jur 2d, Insurance § 53.
[4] 43 Am Jur 2d, Insurance § 56.

4. Insurance — Insurance Commissioner — Examination of Records — Statutes.

> The Commissioner of Insurance has the authority to examine all records pertaining to an insurance agent which will shed light on the financial records which the agent is required by statute to keep; there is no requirement that the commissioner have probable cause to believe that the Insurance Code has been violated as a condition precedent to such examination of the records (MCL 500.1207[2]; MSA 24.11207[2]).

*Eugene A. Goreta,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *E. John Blanchard,* Assistants Attorney General, for defendant.

Before: Bashara, P.J., and D. C. Riley and E. A. Quinnell,* JJ.

Bashara, J. Plaintiff filed a petition in circuit court seeking review of a final order issued by the Michigan Commissioner of Insurance. The order suspended plaintiff's insurance agency license and imposed a $300 fine for his refusal to allow the Commissioner to examine insurance records. Plaintiff appeals the trial court's affirmance of the final order.

Plaintiff raises a question of first impression in this state concerning interpretation of the Insurance Code of 1956, MCL 500.100 *et seq.;* MSA 24.1100 *et seq.* The precise issue raised is whether the Commissioner of Insurance has plenary power to examine all insurance records of a licensed agent pursuant to the code.

The record establishes that the Commissioner sought access to plaintiff's files covering insurance transactions from 1976 to the date of the inquiry. Plaintiff refused the request, claiming that the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Commissioner was without statutory authority to conduct a blanket inspection of the records. After an administrative hearing, the Commissioner issued the final order pursuant to MCL 500.1242(2); MSA 24.11242(2), and MCL 500.1244(1); MSA 24.11244(1).

In the opinion denying plaintiff's appeal from the final order, the trial court held that §§ 222 and 1207(2) of the code empower the Commissioner to examine any or all records pertaining to insurance transactions in the possession of an insurer, its officers and agents.

In interpreting a statute, the object is to ascertain legislative intent in enacting the provision. *Smith v City Commission of Grand Rapids,* 281 Mich 235; 274 NW 776 (1937). Where the Legislature has properly delegated authority to an administrative agency to carry out the mandates of a statute, the courts should give deference to the agency's interpretation of the provision, although they are not bound thereby. *Judges of the 74th Judicial District v Bay County,* 385 Mich 710, 727-729; 190 NW2d 219 (1971).

Section 1207(2) states:

"An agent shall use reasonable accounting methods to record funds received in his fiduciary capacity including the receipt and distribution of all premiums due each of his insurers. He shall record return premiums received by or credited to him which are due an insured on policies reduced or canceled or which are due a prospective purchaser of insurance as a result of a rejected or declined application. Records required by this section shall be open to examination by the commissioner."

Plaintiff argues that only receipt and disbursement ledger sheets are open to examination under

§ 1207(2). He asserts that the provision does not require disclosure of the individual files of his clients.

The trial court succinctly dismissed plaintiff's argument in the following portion of its opinion:

"As Petitioner candidly admits, the files of persons insured through his agency agreement with the insurer constitute an important source of information regarding transactions which may well be relevant to a premium-receipt or premium-disbursement examination. Indeed, these files may be the exclusive source of information if an agent, in violation of Section 1207(1), has not disbursed funds owed to either an insurer or insured since such non-disbursement would patently not be recorded upon cancelled checks or ledger sheets and, if that violation had been wilful, it is doubtful whether these data would be recorded elsewhere with computation of required disbursements being available only upon juxtaposition of information contained within files—such as the date of effective coverage, premium paid, and the date of effective termination. Examination of insureds' files may thus expose transactions giving rise to a disbursement obligation under Section 1207(1) and, for this reason alone, these records are well within the scope of Section 1207(2)'s obligation to produce for examination."

It is not disputed by plaintiff that the Legislature has duly authorized the Commissioner to regulate the insurance business. Our courts have often recognized that the insurance industry is of great public interest and that insurance laws are to be liberally construed in the interests of the public, policy holders and creditors. *Attorney General v Michigan Surety Co,* 364 Mich 299, 325; 110 NW2d 677 (1961). In view of the purposes behind insurance regulation, we hold that the Legislature intended the Commissioner to have broad investigatory power into the records of insurers and their

agents. We agree with the well-reasoned opinion of the trial court in ruling that § 1207(2) authorizes the Commissioner to examine all records pertaining to an insurance agent which will shed light on the financial transactions described in the statute.

Plaintiff further alleges that the Commissioner must have probable cause to believe that the code has been violated as a condition precedent to examination of the files. We find nothing in § 1207(2) which supports this contention. Plaintiff points to other sections of the code[1] as authority for this argument. He then states that those sections are applicable only to insurers, not agents. The inconsistency in plaintiff's position leads us to conclude that it is without merit.

In view of our interpretation of § 1207(2), we find it unnecessary to address the scope of the Commissioner's authority to search agents' records under § 222.

Affirmed; no costs, a statutory interpretation and a public question being involved.

---

[1] Sections 222 and 249 of the Insurance Code of 1956, *supra.*