155 Mich. App. 723 (1986)
400 N.W.2d 638
BLUE CROSS & BLUE SHIELD OF MICHIGAN
v.
COMMISSIONER OF INSURANCE
Docket No. 79222.
Michigan Court of Appeals.
Decided September 10, 1986.
Warner, Norcross & Judd (by John H. Logie, Richard E. Cassard and Mark J. Henderson), for plaintiff.
Frank J. Kelley, Attorney General, Louis J. Caruso, Solicitor General, and Harry G. Iwasko, Jr. and Deborah K. Canja, Assistant Attorneys General, for defendant.
Before: BEASLEY, P.J., and R.M. MAHER and R.L. TAHVONEN,[*] JJ.
PER CURIAM.
Plaintiffs appeal as of right from a circuit court order denying their motion for leave to appeal from an order of the Commissioner of Insurance and from an order granting defendant's motion for summary judgment pursuant to GCR 1963, 117.2(1).
F.W. Grotenhuis Underwriters, Inc. is a Michigan corporation licensed to sell insurance in Michigan. In 1983, Grotenhuis entered into a contract *726 with Blue Ribbon, Inc., a subsidiary of Blue Cross and Blue Shield of Michigan, to market BCBSM health care benefits in exchange for service fees. In July, 1983, defendant became aware of plaintiffs' "packaging" arrangement and requested information on the proposal. The information submitted by BCBSM revealed that the campaign to sell the packaged benefits would commence on September 1, 1983. In a letter dated September 9, 1983, defendant stated in part:
Pursuant to the powers vested in me as Commissioner of Insurance by 1939 P.A. 108 being MCLA 550.301 et seq.; MSA 24.591 et seq. and 1939 P.A. 109 being MCLA 550.501 et seq.; MSA 24.621 et seq., I have determined that BCBSM may not legally enter into any agreements or contracts which contain one or more of the above listed objectionable elements.
Therefore, Blue Cross and Blue Shield of Michigan shall cease and desist from entering into any future agreements and/or contracts containing one or more of the above listed objectionable elements.
In a letter dated September 20, 1983, BCBSM stated that it would not cease and desist from entering into packaging agreements until defendant provided "specific legal reference as to why such contracts are not legal under PA 108 and 109 of 1939." A second letter requesting legal authority was sent to defendant by BCBSM on November 3, 1983.
In the meantime, defendant learned that BCBSM, its subsidiaries and its agents were conducting marketing seminars throughout the state to solicit licensed insurance agents to market the packaged benefits plans. An affidavit submitted on defendant's behalf states that BCBSM represented at the seminars that defendant's letter of September 9, *727 1983, did not constitute a valid order and did not have to be obeyed and that agents who marketed the package were not in jeopardy of losing their licenses. In response to this information, defendant sent a letter to BCBSM on January 13, 1984, stating:
To the contrary, pursuant to the powers vested in me by 1939 P.A. 108, being MCLA 550.301 et seq.; MSA 24.591 et seq. and 1939 P.A. 109, being MCLA 550.501 et seq.; MSA 24.621 et seq., you were specifically ordered to cease and desist from all activity described in the September 9, 1983 order.
Had you wished to contest that order, your proper vehicle would have been an appeal pursuant to Revised Judicative Act Section 631. It is my intention to take appropriate sanctions against violations of that order pursuant to my authority under P.A. 108 and 109 of 1939 and the Insurance Code of 1956.
On the same day, defendant sent a memorandum to all licensed life and health insurance companies informing them that agents who participated in the BCBSM packaging program could be placing their licenses in jeopardy.
On January 23, 1984, BCBSM filed suit in federal district court, alleging a violation of 42 USC 1983 and seeking to enjoin defendant from interfering with BCBSM'S marketing practices. That lawsuit was dismissed on February 23, 1984, on the ground that BCBSM had failed to state a claim upon which relief may be granted. The federal court held that the due process requirements had been met since there were meaningful post-deprivation remedies available, i.e., an administrative appeal pursuant to MCL 600.631; MSA 27A.631.
On February 27, 1984, plaintiffs commenced the *728 instant lawsuit in Kent Circuit Court, alleging a violation of due process under US Const, Am XIV, 42 USC 1983, and Const 1963, art 1, § 17. On February 28, 1984, plaintiffs filed a motion in Wayne Circuit Court for leave to appeal the cease and desist order contained in defendant's letter of September 9, 1983. The Wayne Circuit Court judge denied leave to appeal on the ground that leave to appeal should be sought in the Kent Circuit Court, since the underlying issues had already been raised in that county.
On March 29, 1984, plaintiffs moved in Kent Circuit Court for leave to appeal defendant's September 9, 1983, letter to BCBSM and the January 13, 1984, memo to Grotenhuis. Leave to appeal was denied on May 18, 1984, on the ground that BCBSM was guilty of culpable negligence in filing an untimely appeal.
Thereafter, defendant filed a motion for summary judgment pursuant to GCR 1963, 117.2(1), now MCR 2.116(C)(8). In an opinion dated September 7, 1984, the trial court held that plaintiffs had not been deprived of property without due process of law because there were adequate post-deprivation remedies available to protect plaintiffs' property interests. An order granting defendant's motion for summary judgment was entered on November 29, 1984.
On appeal, plaintiffs claim that the court erred in denying their motion to appeal defendant's cease and desist order and memorandum to licensed agents and in granting defendant's motion for summary judgment.
Litigants seeking judicial review of decisions by administrative agencies have three potential avenues of relief: review prescribed in the statutes applicable to the particular agency, appeal pursuant to MCL 600.631; MSA 27A.631 which allows *729 appeals from such decisions to circuit court, or the method of review provided by the Administrative Procedures Act, MCL 24.201 et seq.; MSA 3.560(101) et seq. Nestell v Bd of Ed of Bridgeport-Spaulding Community Schools, 138 Mich App 401; 360 NW2d 200 (1984).
Both the Insurance Code of 1956, MCL 500.100 et seq.; MSA 24.1100 et seq., and the Nonprofit Health Care Corporation Reform Act, MCL 550.1101 et seq.; MSA 24.660(101) et seq., provide for review of any final order or decision of the Commissioner of Insurance. Both acts provide that the Administrative Procedures Act governs review of a final order or decision of the commissioner made, issued or executed after a hearing. MCL 500.244; MSA 24.1244; MCL 550.1615; MSA 24.660(615). In this case, a hearing was not held prior to the issuance of the order, and, thus, review of the order is not governed by the provisions of either act.
The review of agency orders and decisions under the Administrative Procedures Act is also predicated upon an evidentiary hearing at the administrative level. Since no hearing was held in this case, the Administrative Procedures Act is also inapplicable.
Thus, review of defendant's order in this case is governed by MCL 600.631; MSA 27A.631, which provides:
An appeal shall lie from any order, decision, or opinion of any state board, commission, or agency, authorized under the laws of this state to promulgate rules from which an appeal or other judicial review has not otherwise been provided for by law, to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham county, which court shall have and exercise jurisdiction with respect thereto as in nonjury *730 cases. Such appeals shall be made in accordance with the rules of the supreme court.
An appeal to the circuit court under this statute is also governed by the Michigan General Court Rules. GCR 1963, 706.1, now MCR 7.104(A). GCR 1963, 701.2 provides that an appeal as of right must be taken within twenty days after entry of the order or judgment. If the time for taking the appeal has expired, the trial court has the discretion to grant leave to appeal upon the appellant's motion accompanied by an affidavit of nonculpable negligence. GCR 1963, 703. A decision denying a motion for leave to appeal will not be reversed absent an abuse of discretion. Lapham v Wayne Circuit Judge, 231 Mich 449, 451; 204 NW 101 (1925); Smilansky v Wayne Circuit Judge, 186 Mich 463; 152 NW 1067 (1915); Jewell v Grand Traverse Co Probate Judge, 51 Mich App 134, 142; 214 NW2d 717 (1974).
In denying plaintiffs' motion for leave to appeal, the trial court stated:
It is my opinion that the letter of September 9, 1983, from the Commissioner of Insurance to BCBSM telling it to cease and desist from its practices is, in fact, an order; that the proper course of action was an appeal from that order pursuant to § 631 of the Revised Judicature Act.
It is my further opinion that BCBSM knew that the letter of September 9, 1983, was a valid appealable order, but instead of appealing, chose to ignore the appellate process and deliberately and intentionally chose another route to follow in filing a suit in federal district court against the Commissioner, alleging a violation of due process. Six months later, BCBSM finally elected to appeal said order in this jurisdiction, having previously elected to appeal in Wayne County Circuit Court on February 18, 1983, after its suit in federal district court was dismissed.

*731 It is my opinion that BCBSM was guilty of culpable negligence in waiting all this time to appeal the order of September 9, 1983, and in my discretion, I will deny the motion for leave to appeal.
On appeal, plaintiffs argue that they are not guilty of culpable negligence because they did not believe defendant had the authority to regulate BCBSM'S marketing practices. We find this argument without merit. Defendant's cease and desist order stated:
Pursuant to the powers vested in me as Commissioner of Insurance by 1939 P.A. 108 being MCLA 550.301 et seq.; MSA 24.591 et seq. and 1939 P.A. 109 being MCLA 550.501 et seq.; MSA 24.621 et seq., I have determined that BCBSM may not legally enter into any agreements or contracts which contain one or more of the above listed objectionable elements.
The letter clearly set forth the statutory authority upon which defendant based her cease and desist order. The proper vehicle for challenging that authority was appeal pursuant to § 631 of the RJA. Defendant informed plaintiffs of the proper appellate procedure in its letter dated January 13, 1984. Instead of pursuing an appeal (albeit by leave) plaintiffs filed their federal court action which alleged a denial of due process. It wasn't until the federal lawsuit was dismissed that plaintiffs sought leave to appeal defendant's order. This evidences a lack of due diligence on plaintiffs' part as well as a strategic decision to abandon an appeal in favor of their due process claim. We find no abuse of discretion in the denial of plaintiffs' motion for leave to appeal.
The due process clauses of the United States and Michigan Constitutions apply when government *732 action deprives a person of a liberty or property interest. Edmond v Dep't of Corrections (On Remand), 143 Mich App 527, 533; 373 NW2d 168 (1985). In Parratt v Taylor, 451 US 527, 540-541; 101 S Ct 1908; 68 L Ed 2d 420 (1981), the United States Supreme Court stated:
The fundamental requirement of due process is the opportunity to be heard and it is an "opportunity which must be granted at a meaningful time and in a meaningful manner." Armstrong v Manzo, 380 US 545, 552; 85 S Ct 1187; 14 L Ed 2d 62 (1965). However, as many of the above cases recognize, we have rejected the proposition that "at a meaningful time and in a meaningful manner" always requires the State to provide a hearing prior to the initial deprivation of property. This rejection is based in part on the impracticability in some cases of providing any preseizure hearing under a state-authorized procedure, and the assumption that at some time a full and meaningful hearing will be available.
In suits for deprivation of property without due process filed pursuant to 42 USC 1983, the plaintiff has the burden of pleading and proving the inadequacy of state remedies to redress the wrong. Campbell v Shearer, 732 F2d 531 (CA 6, 1984); Vicory v Walton, 721 F2d 1062 (CA 6, 1983).
As we noted above, the deprivation of plaintiffs' property  the right to market the BCBSM packages  could have been adequately redressed by the circuit court by appeal pursuant to MCL 600.631; MSA 27A.631. Defendant's failure to provide plaintiffs a predeprivation hearing was warranted by the necessity for quick action. In this case, BCBSM, at defendant's request, submitted information on the packaging campaign to defendant approximately sixteen days before its implementation. The packaging campaign had already commenced *733 when defendant issued the cease and desist order. The trial court stated:
The defendant has alleged as a reason for the necessity for quick action the following:
That BCBSM agents are marketing a product for a company which has absolutely no authority to market through agents; that unlike the Insurance Code provisions for insurance companies, BCBSM'S enabling legislation does not contain authority for the use of independent agents to market its coverage in return for commission; that while the Insurance Code allows the use of agents, it strictly regulates those agents and provides that both they and the companies they represent be accountable to the public. Section 460 (MCLA 500.450; MSA 24.1460), and Chapter 12 (MCLA 500.1200 et seq.; MSA 24.11200 et seq.) of the Insurance Code are part of a complex scheme of regulation designed to keep track of and protect the public in an area where there is great potential for and great actual abuse. BCBSM'S statute contains no grant of authority and no safeguards.
The public is in jeopardy when regulated entities such as BCBSM and regulated persons such as insurance agents embark on a course of conduct which leaves consumers open to fraudulent activity without remedy. The public is in jeopardy when a corporation and its agents engage in ultra vires acts. The public is in jeopardy when those ultra vires acts threaten the vitality of legitimate businesses who operate within the law. The Commissioner's letter was an attempt to maintain the status quo, to preserve the vitality of the life and health insurance markets in Michigan, and to protect subscribers from being ultimately left unprotected from unscrupulous practices before it was too late.
It is my opinion that this was an adequate reason for the quick action taken by the Commissioner.
We agree. Although plaintiffs were denied a predeprivation *734 hearing, the post-deprivation appellate remedy would have provided plaintiffs with a full and meaningful hearing, for the circuit court would have reviewed plaintiffs' claim that the cease and desist order was not authorized by law.
In this case, plaintiffs are unable to plead and prove that the post-deprivation judicial remedies are inadequate or that they do not provide adequate process to remedy the constitutional violation claimed. Plaintiffs have failed to state a claim upon which relief may be granted and defendant is entitled to judgment as a matter of law.
Affirmed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.