BINSFELD v DEPARTMENT OF NATURAL RESOURCES

Docket No. 100748. Submitted May 3, 1988, at Grand Rapids. Decided
December 20, 1988.

Connie Binsfeld and others brought an action in the Crawford
Circuit Court against the Department of Natural Resources, the
Natural Resources Commission and several DNR officials. Plain-
tiffs sought to enjoin defendants from enforcing an order of the
DNR director which converted an 8.7-mile section of the Au
Sable River known as the Holy Waters to a no-kill fishing area
for the protection of large brown trout. The trial court, Alton
T. Davis, Jr., J., granted summary disposition in favor of
plaintiffs and issued an order permanently enjoining defen-
dants from enforcing the DNR director's order. The trial court
ruled that the disputed order, although authorized by law, was
not supported by competent, material, and substantial evidence
that a no-kill program was biologically or ecologically neces-
sary. Defendants appealed.

The Court of Appeals *held:*

1. No hearing was conducted prior to the issuance of the
disputed order since none was required under the Administra-
tive Procedures Act or the relevant statutes concerning the
conservation of natural resources. The trial court erred in
employing as the standard of review Const 1963, art 6, § 28,
which in part provides that, in cases where a hearing is
required, judicial review of an agency order shall involve a
determination whether the order was supported by competent,
material and substantial evidence on the whole record. Fur-
thermore, by its own terms, the application of art 6, § 28 is
limited to judicial or quasi-judicial agency decisions, findings,
rulings or orders. Here, defendants were acting in a quasi-
legislative capacity when issuing the disputed order. However,
assuming that consideration of art 6, § 28 is appropriate, the
trial court's review should have been limited to whether defen-

REFERENCES

Am Jur 2d, Administrative Law §§ 397 *et seq.,* 610 *et seq.;* Fish and
Game §§ 29 *et seq.,* 50.5.
See the Index to Annotations under Fish and Game.

dants' order was authorized by law. Under this standard, it is undisputed that the order was authorized by law.

2. The issuance of the order was neither arbitrary nor capricious. Instead, it was rationally related to the legislative and constitutional requirement that the state's natural resources, including its fish, be protected.

Reversed.

1. FISH AND FISHERIES — TROUT STREAMS — DEPARTMENT OF NATURAL RESOURCES.

The Director of the Department of Natural Resources may prescribe the number of fish taken from certain designated trout streams (MCL 301.8; MSA 13.1598).

2. FISH AND FISHERIES — ENDANGERED FISH — NATURAL RESOURCES COMMISSION.

The Natural Resources Commission may promulgate an order suspending or abridging the open season on a particular fish where it determines that such fish is in danger of depletion or extermination (MCL 300.3; MSA 13.1213).

3. ADMINISTRATIVE LAW — HEARINGS — ADMINISTRATIVE PROCEDURES ACT — DEPARTMENT OF NATURAL RESOURCES — FISH AND FISHERIES.

Rules and orders pertaining to fish promulgated by the Department of Natural Resources under the Michigan Sportsmen Fishing Law or the fish and game laws are expressly excluded from the definition of "rule" under the Administrative Procedures Act and are therefore exempt from the public hearing requirements of the Administrative Procedures Act (MCL 24.207[d], 24.241, 300.1 *et seq.*, 301.1 *et seq.*; MSA 3.560[107][d], 3.560[141], 13.1211 *et seq.*, 13.1591 *et seq.*).

4. ADMINISTRATIVE LAW — AGENCY RULES AND ORDERS — APPEAL.

Courts employ a threefold test to determine the validity of rules promulgated, or orders issued, by an agency empowered to make rules and issue orders: (1) whether the rule or order is within the matter covered by the enabling statute; (2) if so, whether it complies with the underlying legislative intent; and (3) whether it is arbitrary or capricious.

*Ronald C. Wilson,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Kevin T. Smith,* Assistant Attorney General, for defendants.

Amici Curiae:

*Foster, Swift, Collins & Coey, P.C.* (by *Thomas A. Baird*), for Michigan Council of Trout Unlimited, Inc.

*James D. Schramm,* for Federation of Fly Fishers, Inc.

Before: MACKENZIE, P.J., and SHEPHERD and M. E. DODGE,* JJ.

PER CURIAM. Defendants appeal as of right from an order granting summary disposition in favor of plaintiffs under MCR 2.116(C)(10) and permanently enjoining defendants from enforcing the provisions of the Department of Natural Resources Director's Order No. DFI-104.86, which converted an 8.7-mile section of the Au Sable River known as the Holy Waters to a no-kill fishing area for the protection of large brown trout. The order was entered pursuant to an opinion ruling that, although the director's order was authorized by law, it was not supported by competent, material, and substantial evidence that a no-kill program was biologically or ecologically necessary. Defendants contend that the trial court erroneously applied the competent, material, and substantial evidence test to review defendants' no-kill regulation. The Michigan Council of Trout Unlimited, Inc., and the Federation of Fly Fishers, Inc., as amici curiae, have filed briefs aligned with defendants' position. We agree with defendants and reverse.

The competent, material, and substantial evidence test employed by the trial court derives from Const 1963, art 6, § 28, which provides in relevant part:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and *in cases in which a hearing is required,* whether the same are supported by competent, material and substantial evidence on the whole record. [Emphasis added.]

In this case, no hearing was required to promulgate the director's order. MCL 301.8; MSA 13.1598 authorizes the director to prescribe the number of fish taken from certain trout streams; no hearing is required in making this determination. MCL 301.8; MSA 13.1598 provides in part:

The director of conservation may designate not more than 100 miles of trout streams wherein only such lures or baits as he prescribes may be used in fishing and may prescribe the size and number of fish which may be taken therefrom.

MCL 300.3; MSA 13.1213 sets forth the method by which the Natural Resources Commission makes orders regarding the protection of fish. Again, no hearing is required as part of the formulation of such regulations:

Whenever the commission of conservation shall determine that any such fish, game or fur-bearing animals or game birds or any kinds or species of the same, are in danger of depletion or extermination and require additional protection in any designated waters or area within the state, the commission may make and promulgate an order suspending or abridging the open season on fish, game or fur-bearing animals or game birds, or may regu-

late the taking or killing thereof in the waters or area as in the judgment of the commission may be necessary or expedient for the further protection of fish, game or fur-bearing animals or game birds in such waters or area, and shall in the order clearly specify the manner and condition relative to the taking or killing in them. All such orders shall clearly and distinctly describe and set forth the waters or area affected by each order, and whether it is applicable to all fish, game or fur-bearing animals or game birds, or only to certain kinds or species designated therein and shall also clearly specify and set forth the length of time, which shall in no case exceed 5 years, which the order shall remain in force and effect. Such order shall be published at least 21 days but not more than 60 days prior to the taking effect thereof, and at least once annually thereafter while in force, in at least 1 newspaper, if any there be, published in each county, the whole or any portion of which is affected by the order, the first mentioned publication to appear at least once in each week for 3 successive weeks. A copy of the order as printed in the paper shall be filed with the clerk of each county.

Nor was a public hearing associated with the promulgation of rules under the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*, required in this case. Rules or orders pertaining to fish promulgated under the Michigan Sportsmen Fishing Law, MCL 301.1 *et seq.*; MSA 13.1591 *et seq.*, or the fish and game laws, MCL 300.1 *et seq.*; MSA 13.1211 *et seq.*, are expressly excluded from the definition of "rule" under the APA. MCL 24.207(d); MSA 3.560(107)(d). Hence such rules or orders are exempt from the public hearing requirements of the APA. See MCL 24.241; MSA 3.560(141).

The purpose of a hearing requirement is to gather and adjudicate evidentiary facts. Because

the Legislature has not required a hearing before orders regulating the taking of fish from trout streams are made, the trial court erred in employing as a standard of review whether the order was supported by competent, material, and substantial evidence pursuant to Const 1963, art 6, § 28. Accord: *13-Southfield Associates v Dep't of Public Health,* 82 Mich App 678; 267 NW2d 483 (1978), lv den 404 Mich 804 (1978). In this regard, *People v Soule,* 238 Mich 130; 213 NW 195 (1927), is instructive, although decided many years prior to the inclusion of § 28 in our constitution. In *Soule,* the conservation commission made an order regulating the taking of fish in certain inland waters. The defendant was charged with violating this order when he was discovered spearing fish in Pugsley's Lake. The defendant challenged the commission's order on several grounds, including an argument that the order lacked sufficient evidentiary support. The Supreme Court concluded that the question of evidence was irrelevant and not subject to judicial review:

It is further urged for the defense that the court erred in excluding defendant from introducing testimony to refute the determined conditions on which the commission's order was based, to the effect that the director of conservation had not made a thorough investigation to determine whether the fish in Pugsley's lake and other waters in that area were threatened with depletion or extermination, and that there was in fact an abundance of fish in those waters.

*These orders promulgated within authorized limits are in the nature of police regulations* made in the administration of police laws enacted under the general police power of the State, involving no private property rights. *They are not analogous to that class of laws* dealing with commerce, navigation, public utilities, etc. *where* private financial

interests are involved and *provision for initiatory hearing* of those whose property rights are affected *is authorized or required. Such authorized administration orders* auxiliary to purely police legislation touching no private property rights *are no more open to trial of the conditions or facts upon which they are based than the legislation authorizing them.*

"The result is that in our opinion the action of the board in the case at bar was the working out of details under a legislative act. The board is no more required to act on sworn evidence than is the legislature itself, and no more than in case of the legislature itself is it bound to act only after a hearing or to give a hearing to the plaintiff when he asks for one; and its action is final, as is the action of the legislature in enacting a statute. And being legislative, it is plain that the questions of fact passed upon by the commissioners in adopting the provisions enacted by them cannot be tried over by the court." *Commonwealth v Sisson,* 189 Mass 247; 75 NE 619; 1 LRA 752; 109 Am St Rep 630 (1905). [238 Mich 142-143. Emphasis added.]

We have doubts that the provisions of Const 1963, art 6, § 28 have any application in this case, because as *Soule* indicates, the agency was acting in a quasi-legislative capacity when it made Director's Order No. DFI-104.86. By its terms, the constitutional provision is limited to judicial or quasi-judicial decisions. Nevertheless, assuming that consideration of art 6, § 28 of the constitution is appropriate here, the trial court's review should have been limited to whether the agency's action was authorized by law. The parties and the trial court agreed that it was.

When an agency is empowered to make rules, a three-part test is used to determine the validity of the rules it promulgates. *Nolan v Dep't of Licensing & Regulation,* 151 Mich App 641, 647; 391 NW2d 424 (1986); *Luttrell v Dep't of Corrections,*

421 Mich 93, 100; 365 NW2d 74 (1984), reh den 422 Mich 1201 (1985). The rules must be within the matter covered by the enabling statute, they must comply with the underlying legislative intent, and they must not be arbitrary or capricious. *Nolan, supra; Luttrell, supra.* While the instant case involves an agency order rather than a rule, we conclude that this is the test the trial court in the instant case should have employed in reviewing Director's Order No. DFI-104.86.

As noted, it is undisputed that the director's order is authorized by the enabling statutes. Moreover, we are satisfied that the order complies with the Legislature's intent in enacting the various laws governing fishing in the state. Our constitution mandates that the Legislature provide for the protection of natural resources from impairment and destruction. Const 1963, art 4, § 52. The laws governing fish and game are clearly intended to protect this state's fish through regulating their taking and killing. See 1925 PA 230, MCL 300.1 *et seq.*; MSA 13.1211 *et seq.,* and the Michigan Sportsmen Fishing Law, MCL 301.1 *et seq.*; MSA 13.1591 *et seq.* It cannot be seriously disputed that the director's order at issue here is consistent with that intent.

The final question, then, is whether Director's Order No. DFI-104.86 is arbitrary and capricious. *Nolan, supra; Luttrell, supra.* Arbitrary means fixed or arrived at through an exercise of will or by caprice, without consideration or adjustment with reference to principles, circumstances, or significance. Capricious means apt to change suddenly, freakish, or whimsical. *Nolan, supra,* p 652, citing *Roseland Inn, Inc v McClain,* 118 Mich App 724, 728; 325 NW2d 551 (1982), lv den 417 Mich 987 (1983). While the order may displease plain-

tiffs, it is neither arbitrary nor capricious. Instead, it is rationally related to the legislative and constitutional requirement that the state's natural resources, including its fish, be protected.

Reversed.