ATTORNEY GENERAL v AMERICAN WAY LIFE INSURANCE
COMPANY

Docket No. 117446. Submitted November 6, 1990, at Lansing. Decided
January 8, 1991, at 9:10 A.M.

The Attorney General, on behalf of the Commissioner of Insur-
ance, brought an action in the Ingham Circuit Court against
American Way Life Insurance Company and American Way
Casualty Company, seeking the appointment of a conservator
to take possession of the defendant insurers. The court, Peter
D. Houk, J., issued an order which denied the request for
appointment of a conservator, appointed a private accounting
firm to complete an examination of the defendants, and permit-
ted the commissioner to request and receive from the defen-
dants certain documents on conditions that only one copy of
each document need be provided, the documents could not be
reproduced or made public, and the documents had to be
returned to the defendants within a reasonable period. The
Attorney General appealed, challenging the appointment of the
private accounting firm and the restrictions regarding the
documents requested by the commissioner.

The Court of Appeals *held:*

The circuit court's denial of the request for a conservatorship
and its order requiring confidentiality of all documents relative
to the examination are affirmed. In all other respects, the order
of the circuit court is reversed and vacated.

1. Section 222 of the Insurance Code, MCL 500.222; MSA
24.1222, vests the Commissioner of Insurance with sole discre-
tion to initiate investigations into any or all of the books,
records, documents, and papers of any insurance corporation at
any time and to control the manner in which those investiga-
tions are conducted.

2. The trial court's appointment of a private accounting firm
to conduct the examination of the defendants and the proce-
dural limits which the trial court placed on the investigation in
this case are without authority, except for the requirement that
any documents requested and received by the commissioner not
be made public. The requirement of confidentiality is in keep-
ing with recent amendments of § 222.

Affirmed in part and reversed in part.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Harry G. Iwasko, Jr.,* and *Patricia Terrell Quinn,* Assistant Attorneys General, for the plaintiff.

*Paul A. Rosenbaum,* for the defendants.

Before: CYNAR, P.J., and GILLIS and WEAVER, JJ.

CYNAR, P.J. On November 9, 1988, the Attorney General filed a complaint in the Ingham Circuit Court, on relation of Dhiraj N. Shah, Acting Commissioner of Insurance, requesting the court to appoint a conservator to take possession of defendants American Way Life Insurance Company and American Way Casualty Company. In the complaint, plaintiff essentially alleged that defendants had refused to adequately cooperate in the inspection of their books, records, and accounts by Insurance Bureau examiners. As a result, plaintiff asserted that a conservatorship was necessary to determine whether defendants are in a financially sound condition. Following a show-cause hearing, the circuit judge issued an order, dated February 1, 1989, in which he (1) denied plaintiff's request for appointment of a conservator or receiver; (2) appointed the private accounting firm of Peat, Marwick, Main and Company, as agents of the state and at defendants' expense, to complete the examination of defendants which had been commenced by the Insurance Bureau; and (3) permitted the commissioner to request, in writing, marketing information from defendants and required the defendants to comply with the request subject to the provision that defendants need only provide one copy of any document requested, the copy could not be reproduced or made public, and the copy had to be returned to defendants within a reasonable period of time. The circuit court certi-

fied the order as a final order on April 26, 1989, and plaintiff appeals to this Court as of right.

On appeal, plaintiff does not challenge the circuit court's refusal to appoint a conservator. Rather, plaintiff argues that the circuit court was without authority to appoint a private accounting firm to perform tasks which the Legislature had delegated to the commissioner. Furthermore, plaintiff also argues that the circuit court imposed improper restrictions on the examiners' access to defendants' records. We reverse in part and affirm in part.

Section 222 of the Insurance Code, MCL 500.222; MSA 24.1222, sets forth the power of the commissioner to examine insurance corporations. At the time of the proceedings in this matter, § 222 provided in pertinent part:

> (1) The commissioner in person or by any of his or her authorized deputies or examiners may examine any or all of the books, records, documents, and papers of any insurance corporation at any time after its articles of incorporation have been executed and filed, or after it has been authorized to do business in this state. . . . The commissioner in person or by any of his or her authorized deputies or examiners shall once every 5 years examine the books, records, documents, and papers of each domestic insurer. The commissioner may examine an insurer more frequently and upon its request shall examine a domestic insurer which has not been examined for the 3 years immediately preceding the request.
>
> \* \* \*
>
> (3) Upon such an examination the commissioner, his or her deputy or any examiner authorized by him or her, may examine under oath the officers or agents of such insurer or all persons deemed to have material information regarding such insurer's property or business. Such insurer, its officers

and agents, shall produce its books and all papers in its or their possession relating to its business or affairs, and any other person may be required to produce any books or papers deemed to be relevant to the examination for the inspection of the commissioner, his or her deputy or examiners, whenever required, and the officer or agents of such insurer shall facilitate such examination and aid in making the same so far as it is in their power to do so.

As stated recently by our Supreme Court in *In re Certified Question,* 433 Mich 710, 722-723; 449 NW2d 660 (1989):

The fundamental purpose of any rule of statutory construction, of course, is to assist the court in discovering and giving effect to the intent of the Legislature. It is thus equally axiomatic that " 'the intention of the Legislature, when discovered, must prevail, any existing rule of construction to the contrary notwithstanding.' " *Metropolitan Council No 23 v Oakland Co Prosecutor,* 409 Mich 299, 318-319; 294 NW2d 578 (1980), quoting *Michigan Central R Co v Michigan,* 148 Mich 151, 156; 111 NW 735 (1907). As Justice Williams elaborated in *Metropolitan Council No 23:*

Neither clinical construction nor the letter of the statute nor its rhetorical framework should be permitted to defeat the act's purpose and intent as gathered from consideration of the whole act. As eloquently stated by Justice GRANT in *Common Council of Detroit v Rush,* 82 Mich 532, 542; 46 NW 951 (1890): "[A] thing which is within the spirit of a statute is within the statute, although not within the letter; and a thing within the letter is not within the statute, unless within the intention." This principle was more recently stated in *Aikens v Dep't of Conservation,* 387 Mich 495, 499; 198 NW2d 304 (1972): "It is well settled that the proper construction of any statute is for the court. The purpose of the court in interpreting a statute

is to give effect to the legislative intent. If there is a conflict, the spirit and purpose of the statute should prevail over its strict letter." (Citations omitted.) [*Id.,* p 319.]

Ultimately, " '[t]he particular inquiry is not what is the abstract force of the words or what they may comprehend, but in what sense were they intended to be understood or what understanding do they convey as used in the particular act.' " *People v Lynch,* 410 Mich 343, 354; 301 NW2d 796 (1981), quoting 2A Sands, Sutherland Statutory Construction (4th ed), § 46.07, p 110.

More specifically with regard to the situation presented here, this Court, in *Szabo v Ins Comm'r,* 99 Mich App 596, 598; 299 NW2d 364 (1980), noted:

Where the Legislature has properly delegated authority to an administrative agency to carry out the mandates of a statute, the courts should give deference to the agency's interpretation of the provision, although they are not bound thereby. *Judges of the 74th Judicial District v Bay County,* 385 Mich 710, 727-729; 190 NW2d 219 (1971).

In *Szabo,* our Court considered the scope of the Insurance Commissioner's authority to investigate and examine the records of insurance agents under § 1207(2) of the code, MCL 500.1207(2); MSA 24.11207(2), and concluded:

Our courts have often recognized that the insurance industry is of great public interest and that insurance laws are to be liberally construed in the interests of the public, policy holders and creditors. *Attorney General v Michigan Surety Co,* 364 Mich 299, 325; 110 NW2d 677 (1961). In view of the purposes behind insurance regulation, we hold that the Legislature intended the Commissioner to have broad investigatory power into the records of

insurers and their agents. We agree with the well-reasoned opinion of the trial court in ruling that § 1207(2) authorizes the Commissioner to examine all records pertaining to an insurance agent which will shed light on the financial transactions described in the statute. [99 Mich App 599-600.]

We see no reason to interpret § 222 less broadly. We hold that the manifest intent of the Legislature, as evidenced by the plain language of § 222, is to vest the Commissioner of Insurance *solely* with the discretion to initiate investigations into "any or all of the books, records, documents, and papers of any insurance corporation at any time" and to control the manner in which those investigations are conducted in order to best effectuate the mandates of the statute. Also, § 210 of the code, MCL 500.210; MSA 24.1210, provides the commissioner with the power to promulgate rules and regulations "as he may deem necessary to effectuate the purposes and to execute and enforce the provisions of the insurance laws of this state" in accordance with the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*

We note that the public is protected from the arbitrary and uncontrolled exercise of the commissioner's discretion by the commissioner's "high degree of proximity to the elective process," i.e., the commissioner is appointed by the Governor and confirmed by the Senate. MCL 500.202; MSA 24.1202; *Michigan Podiatric Medical Ass'n v National Foot Care Program, Inc,* 175 Mich App 723, 730; 438 NW2d 349 (1989), and *People v O'Neal,* 122 Mich App 370, 379; 333 NW2d 56 (1983). Rules and regulations promulgated by the commissioner are subject to judicial review under a three-part test to insure that they (1) are within the matter covered by the enabling statute, (2) comply with the underlying legislative intent, and (3) are not

arbitrary or capricious. *Luttrell v Dep't of Corrections,* 421 Mich 93, 100; 365 NW2d 74 (1984); *Binsfeld v Dep't Of Natural Resources,* 173 Mich App 779, 785-786; 434 NW2d 245 (1988). Further, judicial review of any final order or decision by the commissioner is available under § 244 of the code, MCL 500.244; MSA 24.1244, or under MCL 600.631; MSA 27A.631 where not otherwise provided for under § 244. *Blue Cross & Blue Shield of Michigan v Comm'r of Ins,* 155 Mich App 723, 728-730; 400 NW2d 638 (1986).

Consequently, we find no authority in this case for the circuit court's appointment of a private accounting firm to represent the commissioner in the investigation. Nor, do we find any authority for the procedural limits the court placed on the investigation, except for the requirement that any documents requested and received by the commissioner not be made public, as this is in keeping with recent amendments of § 222 requiring that all materials related to an investigation or examination remain confidential. 1989 PA 302.

In summary, the circuit court denial of the request for a conservatorship, unchallenged by plaintiff, is affirmed. We also affirm that portion of the court's order requiring confidentiality of all documents relative to the examination. In all other respects, the order of the circuit court is reversed and vacated. We do not retain jurisdiction.