SHELLUM v MICHIGAN EMPLOYMENT SECURITY
COMMISSION

Docket No. 137792. Submitted December 12, 1991, at Detroit. Decided
June 1, 1992, at 9:25 A.M. Leave to appeal sought.

Bernie Shellum and The Detroit Free Press, Inc., brought an
action in the Wayne Circuit Court against the Michigan Em-
ployment Security Commission, alleging that the defendant had
refused to supply the plaintiffs information they requested
concerning the unemployment insurance tax contribution rates
of various employers. The defendant argued that because the
requested information was calculated from information sup-
plied by the employers that was exempt from disclosure by
statute, the calculated contribution rates also were exempt
under the Freedom of Information Act. The trial court, J.
Phillip Jourdan, J., granted summary disposition for the plain-
tiffs and ordered that the defendant supply the plaintiffs the
requested information. The defendant appealed.

The Court of Appeals *held:*

The contribution rates paid by employers to the defendant
for their continued membership in the unemployment compen-
sation system are exempt from disclosure under the Freedom of
Information Act, because the information from which the rates
are calculated is exempt.

Reversed and remanded.

JANSEN, J., dissenting, stated that the majority construes too
broadly the provision of the Freedom of Information Act that
exempts a public body from disclosure of records or information
exempted from disclosure by statute. The fact that the informa-
tion supplied by the employers is exempt does not render the
rates calculated from that information also exempt.

UNEMPLOYMENT COMPENSATION — FREEDOM OF INFORMATION ACT —
CONTRIBUTION RATES.

Information held by the Michigan Employment Security Commis-
sion concerning the calculated unemployment insurance tax

REFERENCES
Am Jur 2d, Records and Recording Laws §§ 32-46, 46.14-46.19.
See the Index to Annotations under Freedom of Information Acts.

contribution rate of an employer is exempt from disclosure under the Freedom of Information Act (MCL 15.243[1][d], 421.11[b][1], MSA 4.1801[13][1][d], 17.511[b][1]).

*Honigman Miller Schwartz & Cohn* (by *Herschel P. Fink* and *Michael R. Shpiece*), for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Dennis J. Grifka,* Assistant Attorney General, for the defendant.

Amicus Curiae:

*Mary K. Kator,* for Employers' Unemployment Compensation Council.

Before: GRIBBS, P.J., and DOCTOROFF and JANSEN, JJ.

DOCTOROFF, J. Defendant appeals as of right a circuit court order granting plaintiffs' motion for summary disposition pursuant to MCR 2.116(C)(10) and ordering defendant to supply plaintiffs with the unemployment insurance tax rates (contribution rates) for a number of employers. Defendant argues that the contribution rates are exempt from disclosure. We agree and reverse.

Plaintiffs requested, pursuant to the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, that defendant provide them with the contribution rates for a number of employers. The contribution rate is the rate, expressed as a percentage of payroll, used to calculate the contribution an employer must make for continued membership in the unemployment compensation system. An individual employer's rate is calculated by applying the complex formula set forth at MCL 421.19(a); MSA 17.520(1), using information that is obtained from the employer.

Defendant denied plaintiffs' request, determining that the information was exempted from disclosure by § 13(1)(d) of the FOIA, MCL 15.243(1)(d); MSA 4.1801(13)(1)(d), by § 11(b) of the Michigan Employment Security Act (MESA), MCL 421.11(b)(1); MSA 17.511(b)(1), and by 1980 AACS, R 421.10(1). Plaintiffs then filed this action, seeking an order requiring defendant to provide the requested information. Both parties filed motions for summary disposition. The trial court ruled that the requested information was not exempt from disclosure and granted plaintiffs' motion.

Defendant argues that because the formula for determining the contribution rates utilizes information obtained from employers that is exempt from disclosure, the rates themselves are exempt from disclosure. Plaintiffs argue that the contribution rates are not exempt, because they do not rely solely on exempt information.

A motion for summary disposition pursuant to MCR 2.116(C)(10) may be granted where, except for the amount of damages, there is no genuine issue concerning any material fact and the moving party is entitled to judgment as a matter of law. A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. Giving the benefit of reasonable doubt to the party opposing the motion, the court must determine whether a record might be developed that would leave open an issue upon which reasonable minds might differ. *Amorello v Monsanto Corp,* 186 Mich App 324, 330; 463 NW2d 487 (1990).

The purpose of the FOIA is to provide public access to public records in order to insure that an informed public may fully participate in the democratic process. MCL 15.231(2); MSA 4.1801(1)(2); *State Employees Ass'n v Dep't of Management & Budget,* 428 Mich 104, 109; 404 NW2d 606 (1987).

The FOIA requires the disclosure of all public records that are not exempt under MCL 15.243; MSA 4.1801(13). *Hagen v Dep't of Ed,* 431 Mich 118, 123; 427 NW2d 879 (1988). The exemptions to disclosure are to be narrowly construed. *Id.,* p 124. When a public body denies a request, it bears the burden of proving that the requested information falls within one of the act's exemptions. *Id.; Booth Newspapers, Inc v University of Michigan Bd of Regents,* 192 Mich App 574; 481 NW2d 778 (1992).

Section 13(1)(d) of the FOIA allows a public body to exempt from disclosure "[r]ecords or information specifically described and exempted from disclosure by statute."

Section 11(b)(1) of the MESA protects the confidentiality of certain information by providing, in relevant part:

> *Information obtained from any employing unit* or individual pursuant to the administration of this act, and determinations as to the benefit rights of any individual *shall be held confidential and shall not be disclosed or open to public inspection* other than to public employees in the performance of their official duties pursuant to this act *in any manner revealing* the individual's or *the employing unit's identity.* [Emphasis added.]

Where the language of a statute is clear and unambiguous, judicial interpretation is precluded and this Court should not look beyond the ordinary meaning of the unambiguous language in giving effect to the statute. *Wills v Iron Co Bd of Canvassers,* 183 Mich App 797, 801; 455 NW2d 405 (1990). However, if the statute is ambiguous, this Court must determine and give effect to the intent of the Legislature. *Pemberton v Dharmani,* 188 Mich App 317, 320; 469 NW2d 74 (1991). Statutory language should be given a reasonable construc-

tion considering its purpose and the object sought to be accomplished. *Wills, supra.*

The wording of § 11(b)(1), when applied to the facts of this case, is ambiguous. When determining the purpose of a statute, a court may examine many factors, including administrative interpretations of the statute. Interpretations of a statute by the agency responsible for its administration are accorded deference by the courts. *ADVO-Systems, Inc v Dep't of Treasury,* 186 Mich App 419, 426; 465 NW2d 349 (1990); *Attorney General v American Way Life Ins Co,* 186 Mich App 679, 683; 465 NW2d 56 (1991), quoting *Szabo v Ins Comm'r,* 99 Mich App 596, 598; 299 NW2d 364 (1980).

Initially, we note that the MESA was enacted to provide for the common good and to lighten the burden of involuntary unemployment on the unemployed worker and on the unemployed worker's family by encouraging employers to provide stable employment and by providing for a fund to provide benefits to persons unemployed through no fault of their own. MCL 421.2; MSA 17.502. Pursuant to its legislative grant of authority, defendant promulgated 1980 AACS, R 421.10(1), which provides:

> All information, files, and records of the Michigan employment security commission reflecting information obtained from an employing unit or individual pursuant to administration of the act by the commission or its agents or representatives shall be held confidential and shall not be disclosed nor open to public or private inspection by anyone, except as hereinafter provided.

We reject plaintiffs' argument that the rule impermissibly expands the statute. Instead, we find that the rule serves to clarify the meaning of the statute and is consistent with legislative in-

tent. By providing for confidentiality of information, files, and records that reflect information obtained from employing units, the rule gives effect to the statute's intent to keep confidential information obtained from employing units. The administrative rule ensures the cooperation of employers and employees that is necessary to achieve the purposes of the MESA.

The formula for determining an employer's contribution rate utilizes information obtained from the employer that is exempted from disclosure. Consequently, we hold that the contribution rates of employers are exempt from disclosure. The order granting summary disposition to plaintiffs is reversed, and this case is remanded for entry of judgment in favor of defendant.

Reversed and remanded.

GRIBBS, P.J., concurred.

JANSEN, J. *(dissenting)*. I respectfully dissent. As noted in the majority opinion, the purpose of the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, is to provide public access to public records to insure that an informed public may fully participate in the democratic process. MCL 15.231(2); MSA 4.1801(1)(2); *State Employees Ass'n v Dep't of Management & Budget,* 428 Mich 104, 109; 404 NW2d 606 (1987). All public records that are not exempt from disclosure pursuant to MCL 15.243; MSA 4.1801(13) must be disclosed upon proper request. *Hagen v Dep't of Ed,* 431 Mich 118, 123; 427 NW2d 879 (1988). The exemptions to disclosure are to be narrowly construed. *Id.,* p 124.

In the present case, plaintiffs sought from defendant the unemployment tax rates, or contribution rates, for a number of employers. Defendant de-

nied the request, asserting that the information was exempt from disclosure under § 13(1)(d) of the FOIA, MCL 15.243(1)(d); MSA 4.1801(13)(1)(d), which exempts from disclosure records or information specifically described and exempted from disclosure by statute. The statute relied on by defendant was § 11(b)(1) of the Michigan Employment Security Act (MESA), MCL 421.11(b)(1); MSA 17.511(b)(1), which provides, in part, that "[i]nformation obtained from any employing unit . . . shall be held confidential and shall not be disclosed or open to public inspection . . . in any manner revealing . . . the employing unit's identity."

Defendant argues that because the formula used to determine the contribution rate utilizes information from employers that is exempt from disclosure, the rates themselves are exempt from disclosure. The majority has adopted defendant's argument by holding:

> The formula for determining an employer's contribution rate utilizes information obtained from the employer that is exempted from disclosure. Consequently, we hold that the contribution rates of employers are exempt from disclosure. *Ante,* p 479.

I am of the opinion that the majority's holding has construed too broadly the exemption provision of § 13(d) of the FOIA. Plaintiffs sought only the contribution rates of certain employers, not any information obtained from the employers that is used in formulating the contribution rates themselves. Had plaintiffs sought the information obtained from the employers, instead of merely the contribution rates for a given employer, then I would be constrained to follow the opinion of the majority. However, that was not the case here.

In a similar light, and contrary to the position taken by the majority, I am not convinced that 1980 AACS, R 421.10(1) acts to exempt from disclosure the contribution rates sought by plaintiffs. The rule provides that all information, files, and records of defendant reflecting information obtained from an employing unit "shall be held confidential and shall not be disclosed nor open to public or private inspection by anyone, except as hereinafter provided."

Plaintiffs have not sought any information, files, or records from defendant that reflect information obtained from the employing units. The unemployment insurance tax rate is computed by defendant, in part, on the basis of information provided by the employing unit. Because the contribution rates do not rely solely upon exempt information, the rates themselves are not exempt and should be disclosed to plaintiffs. Such a result is consistent with the purpose of the FOIA, which, as noted, is to provide public access to public records to insure that an informed public may fully participate in the democratic process. *State Employees Ass'n, supra.*

I would affirm the order of the trial court and require that defendant provide to plaintiffs the requested contribution rates.