GORDIN v WILLIAM BEAUMONT HOSPITAL

Docket No. 104440. Submitted March 14, 1989, at Lansing. Decided
July 21, 1989. Leave to appeal applied for.

Rozalia Gordin was injured in an automobile accident and was
taken to the emergency center at William Beaumont Hospital.
A staff physician in the emergency room, Dr. W.D. Anderson,
determined that the patient's condition required the services of
a surgeon. When the on-call surgeon could not be located,
Anderson had Dr. R. Howard contacted to see whether he
would come in. Although Dr. Howard was preparing for a
family activity, he consented to come to the hospital after being
informed that the on-call surgeon was not available. By the
time Mrs. Gordin was taken to the operating room, she was in
very bad condition and lost cardiac function, and attempts to
resuscitate her were unsuccessful. Misha Gordin, as personal
representative of the estate of the deceased, brought an action
in Oakland Circuit Court against William Beaumont Hospital,
William Beaumont Emergency Physicians, P.C., Dr. Anderson
and Dr. Howard, alleging medical malpractice. Following exten-
sive discovery, Dr. Howard moved for summary disposition on
the basis that he was immune from liability under the Good
Samaritan statute. Plaintiff argued that the Good Samaritan
statute did not apply under these circumstances and moved to
amend his complaint to allege that Dr. Howard acted in a
fashion which constituted gross negligence and wilful and
wanton misconduct. The trial court, John N. O'Brien, J.,
granted Dr. Howard's motion and denied plaintiff's motion to
amend the complaint. Plaintiff appealed.

The Court of Appeals *held:*

1. The Good Samaritan statute clearly provides that a physi-
cian who responds to a request for emergency assistance in a
life threatening emergency with respect to a person with whom
there is no existing physician-patient relationship and for
whom there is no duty to treat shall not be held liable for

REFERENCES

Am Jur 2d, Physicians, Surgeons, and Other Healers § 306.
Construction and application of "Good Samaritan" statutes. 64
ALR4th 294.

damages except where the damages arise out of the physician's gross negligence or wilful and wanton misconduct. The statute was clearly intended to apply to situations such as the situation here.

2. The question whether a physician pleading the Good Samaritan statute must affirmatively establish the absence of gross negligence and wilful and wanton misconduct was not raised below and is thus not preserved for appellate review.

3. It cannot be said that the trial court abused its discretion in refusing to permit plaintiff to amend his complaint.

Affirmed.

PHYSICIANS AND SURGEONS — EMERGENCY CARE — NEGLIGENCE — GROSS NEGLIGENCE — GOOD SAMARITAN ACT.

A physician who is not required by his hospital duty to respond to an emergency situation but who, in good faith, responds to a life-threatening emergency within a hospital, by statute, is not liable for any civil damages as a result of any act or omission in the rendering of the emergency care except where the omission amounted to gross negligence or wilful and wanton misconduct, provided that no physician-patient relationship existed prior to the emergency situation (MCL 691.1502; MSA 14.563[12]).

*Kepes & Wine, P.C.* (by *Carol A. McNeilage*), for plaintiff.

*Kerr, Russell & Weber* (by *Sally E. Durfee*), for Dr. R. Howard.

Before: DOCTOROFF, P.J., and MAHER and MARILYN KELLY, JJ.

PER CURIAM. Plaintiff, as personal representative of the estate of Rozalia Gordin, appeals as of right from the October 19, 1987, order of the Oakland Circuit Court granting summary disposition to defendant Dr. R. Howard on the ground that there was no genuine issue of material fact that the doctor was immune from liability under the "Good Samaritan" statute, MCL 691.1502; MSA 14.563(12). Plaintiff also appeals from the circuit court's denial of his motion to amend the

complaint to allege gross negligence and wilful and wanton misconduct on the part of Dr. Howard. We affirm.

On June 22, 1985, at approximately 11:05 A.M., Rozalia Gordin was admitted to the emergency center at defendant William Beaumont Hospital after sustaining injuries in an automobile accident. The emergency room staff physician, defendant Dr. William Anderson, examined Gordin and determined that the situation required the services of a surgeon. He thereafter directed the unit secretary to contact the surgeon who was "on call" that day.

According to hospital records, Dr. Mario Villalba was the on-call surgeon. Dr. Villalba was apparently unavailable, however, as he was attending a wedding that morning (although the doctor testified at his deposition that he was carrying a beeper and was available, but that he was never summoned). Upon being informed that Dr. Villalba was not available, Dr. Anderson told the unit secretary to contact Dr. Howard. At the time Dr. Howard was called, he was preparing for a family activity. It is undisputed that Dr. Howard was not officially on call. He agreed to come to the hospital, though, after being told that the on-call surgeon was unavailable.

When Dr. Howard arrived at the hospital at 11:40 A.M., Gordin was being taken from the emergency room to have a CAT scan performed. He immediately conducted a complete examination. While Gordin was in the CAT scan room, the decision was made to operate. When she was brought into the operating room at 1:57 P.M. her condition was very bad. She lost cardiac function, and attempts to resuscitate her heart were unsuccessful. At 2:40 P.M., she was pronounced dead.

Plaintiff thereafter commenced this suit in the Oakland Circuit Court, naming the hospital, Drs.

Howard and Anderson, and William Beaumont Emergency Physicians, P.C., as defendants. The instant appeal concerns only plaintiff's claim of medical malpractice against Dr. Howard.

After substantial discovery was completed, including the taking of over twenty depositions, Dr. Howard filed a motion for summary disposition, asserting that he was immune from a negligence suit pursuant to the Good Samaritan statute, MCL 691.1502; MSA 14.563(12). Plaintiff subsequently moved to amend his complaint to add allegations of gross negligence and wilful and wanton misconduct (which, if proven, would avoid the Good Samaritan statute's cloak of immunity).

Both motions were heard on October 14, 1987. The circuit court granted summary disposition to Dr. Howard, finding that the Good Samaritan statute operated to give him immunity, and denied plaintiff's motion to amend the complaint. An order to that effect was entered on October 19, 1987. The court certified that its grant of summary disposition to Dr. Howard constituted a final judgment for appeal purposes. This appeal as of right followed.

Plaintiff first argues that the trial court erred in granting Dr. Howard's motion for summary disposition pursuant to the Good Samaritan statute. We find no error.

The pertinent section of the Good Samaritan statute provides:

> In instances where the actual hospital duty of that person did not require a response to that emergency situation, a physician, dentist, podiatrist, intern, resident, registered nurse, licensed practical nurse, registered physical therapist, clinical laboratory technologist, inhalation therapist, certified registered nurse anesthetist, x-ray technician, or paramedical person, who in good faith

responds to a life threatening emergency or re-
sponds to a request for emergency assistance in a
life threatening emergency within a hospital or
other licensed medical care facility, shall not be
liable for any civil damages as a result of an act or
omission in the rendering of emergency care, ex-
cept an act or omission amounting to gross negli-
gence or wilful and wanton misconduct. [MCL
691.1502(1); MSA 14.563(12)(1).]

Plaintiff claims that the trial court read the stat-
ute too broadly and that it should only be applied
in the "biblical" or "classic" Good Samaritan situ-
ation, i.e., where the person renders care outside
their job description or training. Plaintiff asserts
that the statute should not be applied "when a
trained professional, such as a surgeon, is sum-
moned to the hospital to perform the duties for
which he has been trained and for which he will
be paid."

Two cases from this Court, involving factual
situations almost identical to that presented in the
case at bar, have construed the Good Samaritan
statute in a manner adverse to plaintiff's position.
In *Matts v Homsi,* 106 Mich App 563; 308 NW2d
284 (1981), a staff physician, who was not on call
and had no direct responsibility to respond to
requests for assistance, was summoned to treat a
young man with internal injuries sustained during
an automobile accident. The trial court directed a
verdict in favor of the physician as to the plain-
tiff's medical malpractice claim on the basis of the
Good Samaritan statute. This Court affirmed, rul-
ing that the statute "was intended to afford partial
immunity in instances where the situs of the
emergency was actually within a hospital or other
medical care facility." *Id.,* p 568. It was also held
that the statute "only seeks to delineate the par-
tial immunity afforded in terms to indicate that

immunity does not exist for persons whose actual function is to respond to emergency situations." *Id.*

In *Higgins v Detroit Osteopathic Hosp Corp,* 154 Mich App 752; 398 NW2d 520 (1986), lv den 428 Mich 911 (1987), a pediatrician was called at his home when a newborn infant began having difficulty breathing. The pediatrician rushed to the hospital where he conducted a series of tests on the infant and then had her transferred to a different hospital which specialized in neonatal care. The child suffered injuries prior to or during this time, however. Consequently, a medical malpractice action was brought against the pediatrician and others. This Court affirmed the directed verdict in favor of the pediatrician on the basis of the Good Samaritan statute. *Id.,* pp 760-761.

Plaintiff essentially concedes in his appellate brief that the holdings in *Matts and Higgins* would entitle Dr. Howard to partial immunity. However, he claims those cases applied the Good Samaritan statute in a manner beyond that intended by the Legislature.

As to this claim, we find revealing this Court's discussion in *Hamburger v Henry Ford Hosp,* 91 Mich App 580; 284 NW2d 155 (1979), lv den 407 Mich 942 (1979). In that case, we noted that Michigan, like many other states, enacted a Good Samaritan statute because many doctors were reluctant to render voluntary emergency care out of fear of malpractice suits. It was hoped that the Good Samaritan statute would encourage prompt treatment by excusing civil liability for ordinary negligence to those who render medical care in emergency situations. As originally enacted, the statute applied only to the rendering of care at the scene of emergency, i.e., outside the hospital setting. However, in 1975 the Legislature amended the statute to extend protection to certain enumer-

ated professionals in a hospital setting who were not under a duty to respond. Id., pp 585-586.

In accordance with the legislative intent expressed in *Hamburger,* we believe that off-duty physicians, who are not on-call and have no duty to respond, are entitled to partial immunity under the Good Samaritan statute. A contrary ruling would only discourage off-duty physicians from responding to emergency calls, thus defeating the entire purpose of the statute. Under the facts of this case, Dr. Howard fell within the protection of the statute and, therefore, was properly granted summary disposition.

In a related argument, plaintiff claims that Dr. Howard was required to allege facts in his summary disposition motion establishing the absence of gross negligence and wilful and wanton misconduct in order to qualify for immunity under the Good Samaritan statute. A review of the record reveals that plaintiff did not challenge the summary disposition motion on this ground and, therefore, the claim has not been preserved for appeal. *Marietta v Cliffs Ridge, Inc,* 385 Mich 364, 374; 189 NW2d 208 (1971); *Schanz v New Hampshire Ins Co,* 165 Mich App 395, 408; 418 NW2d 478 (1988).

Finally, plaintiff claims the trial court abused its discretion in not allowing him to amend the complaint to allege gross negligence and wilful and wanton misconduct. We disagree. Considering that the case was on the standby list for trial and that extensive discovery had been completed (much of which would probably have to be redone if the complaint was amended), we cannot say the trial court abused its discretion in denying plaintiff's motion to amend the complaint. *Burse v Wayne Co Medical Examiner,* 151 Mich App 761, 767; 391 NW2d 479 (1986).

Affirmed.