PEMBERTON v DHARMANI

Docket No. 118982. Submitted February 12, 1991, at Lansing. Decided
    April 1, 1991, at 10:25 A.M.

Denise and Keith Pemberton brought an action in the Oakland
    Circuit Court against Sheela Dharmani, M.D., and B.N. Zarew-
    ych, D.O., alleging medical malpractice in that Denise Pember-
    ton's colon was mistakenly transected instead of her fallopian
    tube during a tubal ligation procedure, resulting in the need for
    her to have a colostomy. Dr. Zarewych moved for summary
    disposition, arguing that he was entitled to immunity under the
    Good Samaritan statute, MCL 691.1502; MSA 14.563(12). The
    trial court, Edward Sosnick, J., granted the motion with regard
    to the allegations of ordinary negligence, reasoning that the
    Good Samaritan statute, which provides health-care personnel
    immunity from civil liability for ordinary negligence, was
    intended to apply where a physician has a good-faith belief that
    the physician is responding to a request for emergency assis-
    tance in a life-threatening situation, even though a life-threat-
    ening situation may not actually exist. The Court of Appeals
    granted plaintiffs leave to appeal.

    The Court of Appeals held:

    The trial court correctly found that the Good Samaritan
    statute merely requires a good-faith belief by health-care per-
    sonnel that they are attending a life-threatening emergency in
    order to be cloaked with the immunity provided by the statute,
    regardless of whether a life-threatening emergency actually
    exists. However, summary disposition was improperly granted
    because there exists a question of fact regarding whether Dr.
    Zarewych believed in good faith that a life-threatening situa-
    tion existed.

    Reversed.

PHYSICIANS AND SURGEONS — NEGLIGENCE — IMMUNITY FROM LIABIL-
    ITY — GOOD SAMARITANS.

    The Good Samaritan statute requires a good-faith belief by

REFERENCES

Am Jur 2d, Physicians, Surgeons, and Other Healers § 306.
Construction and application of "Good Samaritan" statutes. 68
    ALR4th 294.

health-care personnel that they are attending a life-threatening emergency in order to be cloaked with the immunity provided by the statute, regardless of whether the emergency involved actually is life-threatening (MCL 691.1502; MSA 14.563[12]).

*Estes & Schweickert* (by *Lee Estes*), for the plaintiffs.

*Portnoy, Leader, Pidgeon & Roth, P.C.* (by *Bernard N. Portnoy*), for B.N. Zarewych, D.O.

Before: McDonald, P.J., and Brennan and Jansen, JJ.

Brennan, J. Plaintiffs appeal by leave granted from a June 22, 1989, order granting partial summary disposition for defendant B.N. Zarewych, D.O. Plaintiffs filed the instant medical-malpractice action after Denise Pemberton's colon was mistakenly transected instead of her fallopian tube during a tubal-ligation procedure, resulting in the need for her to have a colostomy. We reverse.

The basic facts are not in dispute. In October 1987, Denise Pemberton decided to undergo a voluntary tubal ligation. After commencement of the surgery, Sheela Dharmani, M.D., the surgeon, noted several pelvic adhesions. Although she reached and ligated the right fallopian tube, Dr. Dharmani could not view the end of the left fallopian tube because of the adhesions. Because of the difficulty in viewing the left fallopian tube, Dr. Dharmani requested the assistance of any available Ob/Gyn surgeon at the hospital. After being informed that no hospital obstetricians were available to assist her, Dr. Dharmani contacted Dr. Zarewych, whose office was located nearby, and requested his immediate assistance. Dr. Zarewych left the patient he was examining at his office and went to the hospital at once to assist. On the

following day, a pathologist discovered that he was examining a section of Denise's colon, not her fallopian tube. It was then realized that Denise's colon had been transected instead of her fallopian tube. Denise was then taken back into surgery and given a colostomy. It is undisputed that at no time during the course of surgery was Denise in a life-threatening situation.

Plaintiffs subsequently filed the instant action against Dr. Dharmani and Dr. Zarewych for medical malpractice in the handling and treatment of Denise Pemberton. Thereafter Dr. Zarewych brought a motion for summary disposition pursuant to MCR 2.116(C)(10), arguing that under the "Good Samaritan" statute, MCL 691.1502; MSA 14.563(12), he was immune from civil liability for ordinary negligence. Plaintiffs responded that, pursuant to the statute, Dr. Zarewych was afforded immunity only if there was an actual life-threatening situation present. It was plaintiffs' position that, because no life-threatening situation existed, Dr. Zarewych did not fall within the protection of the statute. The trial court granted summary disposition for Dr. Zarewych with regard to the allegations of ordinary negligence. The court reasoned that the statute was intended to apply where a physician responds in good faith to a request for emergency assistance, even though a life-threatening situation may not actually exist. An order partially granting Dr. Zarewych's motion was entered, because plaintiffs' claim of gross negligence was still viable. After plaintiffs' motion for reconsideration was denied, we granted plaintiffs' application for leave to appeal. On appeal, plaintiffs argue that the trial court erred in interpreting the Good Samaritan statute to require only a good-faith belief by a physician that a life-threatening emergency is being attended in order to be af-

forded immunity. Plaintiffs still maintain that application of the statute should be limited to those instances where a life-threatening emergency actually exists.

A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. *Petaja v Guck,* 178 Mich App 577, 578; 444 NW2d 209 (1989). Giving the benefit of reasonable doubt to the nonmoving party, the court must determine whether a record might be developed which would leave open an issue upon which reasonable minds may differ. *Id.*

This is an issue of first impression. Section 2 of the Good Samaritan statute, MCL 691.1502; MSA 14.563(12), provides, in part:

> (1) In instances where the actual hospital duty of that person did not require a response to that emergency situation, a physician, dentist, podiatrist, intern, resident, registered nurse, licensed practical nurse, registered physical therapist, clinical laboratory technologist, inhalation therapist, certified registered nurse anesthetist, x-ray technician, or paramedical person, who in good faith responds to a life threatening emergency or responds to a request for emergency assistance in a life threatening emergency within a hospital or other licensed medical care facility, shall not be liable for any civil damages as a result of an act or omission in the rendering of emergency care, except an act or omission amounting to gross negligence or wilful and wanton misconduct.

It is well established that this Court will avoid further interpretation where a statute is clear and unambiguous. *Niggeling v Dep't of Transportation,* 183 Mich App 770, 775; 455 NW2d 415 (1990). However, if the statute is ambiguous, this Court must give effect to the intent of the Legislature. *Id.* In the present case, it is not clear from review-

ing the statute whether it is necessary for an actual life-threatening emergency to exist in order to invoke the immunity provided by the statute or whether it is sufficient if one "in good faith" believes that a life-threatening emergency is present. Therefore, it is necessary to interpret the statute as we believe the Legislature intended.

We initially note the fact that the statute refers to health-care personnel who "in good faith" respond to a life-threatening emergency permits the inference that the Legislature merely required a good-faith belief that a life-threatening emergency existed in order to invoke the immunity provided by the act, regardless of whether a life-threatening situation actually existed. This interpretation is further supported by the legislative analysis of this section, which provides, in pertinent part:

> There is some reason to believe that health care personnel are reluctant to come to the aid of a person in an emergency situation within a hospital for fear of a malpractice suit. While Michigan's Good Samaritan Act (MCLA 691.1501) relieves physicians and registered nurses of any liability for damages sustained by a person when the physician or registered nurse renders emergency care at the scene of the emergency, there is no provision which explicitly addresses itself to emergencies that arise within hospitals.
>
> \* \* \*
>
> By providing immunity from liability for these persons, this reluctance will be overcome. [House Legislative Analysis, HB 4326, July 11, 1975.]

The analysis further provides that "[t]he bill would *encourage* health care personnel to render emergency care in hospitals and other health care facilities." (Emphasis added.)

After reviewing the legislative analysis, we

agree with the trial court and find that the statute merely requires a good-faith belief by health-care personnel that they are attending a life-threatening emergency in order to be cloaked with the immunity provided by the statute, regardless of whether a life-threatening emergency actually exists. To construe the statute otherwise would controvert the purpose of the statute and render it meaningless. Health-care personnel would be discouraged from giving treatment in emergency situations if an actual life-threatening emergency were required to exist before they would be cloaked with immunity. Treatment may even be delayed in a given case, worsening the condition of the patient by waiting until the patient is in an obviously life-threatening situation before rendering treatment. This cannot be what the Legislature intended. Although we agree with the trial court's interpretation of the statute, we disagree with its disposition.

The facts in the present case reveal that summary disposition was improperly granted because there exists a question of fact regarding whether Dr. Zarewych in good faith believed that a life-threatening situation existed. The affidavit of the nurse who summoned Dr. Zarewych contains no indication that Dr. Zarewych was informed that Denise Pemberton's life was in danger, nor did Dr. Zarewych allege or submit any other documentation alleging that he believed or was told a life-threatening situation existed. Consequently, we find that summary disposition was improperly granted.

Plaintiffs also argue that Dr. Zarewych had a duty to respond as a consultant when requested by Dr. Dharmani and therefore was not entitled to immunity under the Good Samaritan statute. However, this issue was not raised in the trial

court. In addition, plaintiffs' application for leave to appeal and supporting brief did not address this issue, and this Court's order granting plaintiffs' leave to appeal limited the issues on appeal to those raised in plaintiffs' application and supporting brief. Therefore, the issue is not properly before us. MCR 7.205(D)(4); *Giddings v Detroit,* 178 Mich App 749, 759; 444 NW2d 242 (1989).

Reversed.