PEMBERTON v DHARMANI

Docket No. 143469. Submitted April 6, 1994, at Lansing. Decided
November 21, 1994, at 9:15 A.M.

Denise and Keith Pemberton brought an action in the Oakland
Circuit Court against Sheila Dharmani, M.D., and B.N. Zarew-
ych, D.O., alleging medical malpractice in that Denise Pember-
ton's colon was mistakenly transected during a tubal ligation
procedure, resulting in the need for her to have a colostomy.
Dr. Zarewych moved for summary disposition, arguing that he
was entitled to immunity under the Good Samaritan statute,
MCL 691.1502; MSA 14.563(12). The court, Edward Sosnick, J.,
granted the motion with regard to the allegations of ordinary
negligence. The Court of Appeals granted the plaintiffs leave to
appeal, and reversed and remanded the case to the trial court,
finding that the trial court correctly found that the Good
Samaritan statute merely requires a good-faith belief by health-
care personnel that they are attending a life-threatening emer-
gency in order to be cloaked with the immunity provided by
the statute, but that summary disposition was improperly
granted because a question of fact existed regarding whether
Dr. Zarewych believed in good faith that a life-threatening
situation existed. 188 Mich App 317 (1991). On remand, the
trial court granted summary disposition for Dr. Zarewych with
regard to the allegations of ordinary negligence, but not with
regard to the issue of gross negligence. The court construed the
statute to provide immunity for physicians who have a good-
faith belief that a life-threatening condition exists at the time
they respond to a request for emergency assistance rather than
at the time of actual treatment. The plaintiffs appealed by
leave granted, alleging that immunity is not available in the
situation presented in this case, where Dr. Zarewych was aware
that the patient's condition was not life-threatening at the time
he actually rendered medical assistance.

The Court of Appeals held:

REFERENCES

Am Jur 2d, Negligence §§ 113, 114; Physicians, Surgeons, and Other
Healers § 306.

Construction and application of "Good Samaritan" statutes. 68
ALR4th 294.

1. The trial court properly construed the Good Samaritan statute to provide partial immunity for physicians who have a good-faith belief that a life-threatening condition exists at the time they respond to a request for emergency assistance rather than at the time of actual treatment.

2. The focus of the statute is on the physician's decision to respond to an emergency. The immunity afforded by the statute is triggered by the physician's decision to respond. The facts at hand when the decision to respond is made, and the physician's good-faith assessment of those facts, control when deciding the statute's applicability.

3. The trial court properly granted partial summary disposition for Dr. Zarewych. There was no question of fact regarding whether Dr. Zarewych had a good-faith belief that a life-threatening situation existed when he responded to Dr. Dharmani's request for emergency assistance because the plaintiffs did not counter an affidavit submitted by Dr. Zarewych that averred that, on the basis of the information provided to him when he was contacted regarding assisting Dr. Dharmani in Denise Pemberton's surgery, he believed that a life-threatening emergency was in progress when he responded and only discovered otherwise after preparing for surgery.

4. The rule of the hospital where the operation was performed that encourages cooperation among members of the department of obstetrics and gynecology does not impose on off-duty physicians not on the hospital premises, such as Dr. Zarewych, an enforceable duty to respond to an emergency at the hospital. Therefore, the provision in the statute limiting its grant of partial immunity to instances where the actual hospital duty of the responding physician does not require a response to an emergency situation is not applicable to the facts of this case and summary disposition was properly granted with regard to this ground.

Affirmed.

1. PHYSICIANS AND SURGEONS — NEGLIGENCE — IMMUNITY FROM LIABILITY — GOOD SAMARITANS.

To be cloaked with the immunity provided by the Good Samaritan statute, health-care personnel must have a good-faith belief that they are attending a life-threatening emergency, regardless of whether the emergency involved actually is life threatening; the focus of the statute is on the decision to respond to an emergency, and the immunity is triggered by the doctor's decision to respond; the facts at hand when the decision to respond is made, and the doctor's good-faith assessment of

those facts, control when deciding the statute's applicability (MCL 691.1502; MSA 14.563[12]).

2. PHYSICIANS AND SURGEONS — NEGLIGENCE — IMMUNITY FROM LIABILITY — GOOD SAMARITANS.

The language in the Good Samaritan statute limiting its grant of partial immunity to instances where the actual hospital duty of the responding physician does not require a response to an emergency situation is intended to indicate that the immunity afforded by the statute does not apply to persons whose actual function is to respond to emergency situations; off-duty physicians who are not on call and who have no duty to respond fall within the protection of the statute (MCL 691.1502[1]; MSA 14.563[12][1]).

*Estes & Schweickert* (by *Lee Estes*), for the plaintiffs.

*Portnoy, Leader, Pidgeon & Roth, P.C.* (by *Bernard N. Portnoy* and *Marc S. Berlin*), for B.N. Zarewych, D.O.

Before: WAHLS, P.J., and MACKENZIE and K. B. GLASER,* JJ.

MACKENZIE, J. This is the second interlocutory appeal in this medical malpractice action. Like the first appeal, *Pemberton v Dharmani,* 188 Mich App 317; 469 NW2d 74 (1991), this case involves defendant doctor B.N. Zarewych's claim that he is immune from civil liability for ordinary negligence under the "Good Samaritan" statute, MCL 691.1502; MSA 14.563(12). Plaintiffs appeal by leave granted from an order granting summary disposition in favor of Dr. Zarewych with regard to plaintiffs' allegations of ordinary negligence, but allowing the case to proceed to trial with regard to the issue of his gross negligence. We affirm.

The basic facts were set forth by this Court in our prior opinion:

* Circuit judge, sitting on the Court of Appeals by assignment.

In October 1987, Denise Pemberton decided to undergo a voluntary tubal ligation. After commencement of the surgery [at Crittenton Hospital], Sheela Dharmani, M.D., the surgeon, noted several pelvic adhesions. Although she reached and ligated the right fallopian tube, Dr. Dharmani could not view the end of the left fallopian tube because of the adhesions. Because of the difficulty in viewing the left fallopian tube, Dr. Dharmani requested the assistance of any available Ob/Gyn surgeon at the hospital. After being informed that no hospital obstetricians were available to assist her, Dr. Dharmani contacted Dr. Zarewych, whose office was located nearby, and requested his immediate assistance. Dr. Zarewych left the patient he was examining at his office and went to the hospital at once to assist. On the following day, a pathologist discovered that he was examining a section of Denise's colon, not her fallopian tube. It was then realized that Denise's colon had been transected instead of her fallopian tube. Denise was then taken back into surgery and given a colostomy. It is undisputed that at no time during the course of surgery was Denise in a life-threatening situation. [188 Mich App 318-319.]

Plaintiffs filed suit and Dr. Zarewych brought his first motion for summary disposition, arguing that under the "Good Samaritan" statute, he was immune from civil liability for ordinary negligence. The statute, MCL 691.1502(1); MSA 14.563(12)(1), provides in relevant part:

[A] physician . . . *who in good faith responds to a life threatening emergency or responds to a request for emergency assistance in a life threatening emergency* within a hospital or other licensed medical care facility, shall not be liable for any civil damages as a result of an act or omission in the rendering of emergency care, except an act or omission amounting to gross negligence or wilful and wanton misconduct. [Emphasis added.]

The trial court granted Dr. Zarewych's initial motion for summary disposition, reasoning that the Good Samaritan statute was intended to apply where a physician responds in good faith to a request for emergency assistance, even though a life-threatening situation may not actually exist. See 188 Mich App 319. This Court agreed:

> [W]e agree with the trial court and find that the statute merely requires a good-faith belief by health-care personnel that they are attending a life-threatening emergency in order to be cloaked with the immunity provided by the statute, regardless of whether a life-threatening emergency actually exists. To construe the statute otherwise would controvert the purpose of the statute and render it meaningless. Health-care personnel would be discouraged from giving treatment in emergency situations if an actual life-threatening emergency were required to exist before they would be cloaked with immunity. Treatment may even be delayed in a given case, worsening the condition of the patient by waiting until the patient is in an obviously life-threatening situation before rendering treatment. This cannot be what the Legislature intended. [*Id.* at 321-322.]

This Court then concluded, however, that summary disposition was not appropriate "because there exists a question of fact regarding whether Dr. Zarewych in good faith believed that a life-threatening situation existed." *Id.* at 322.

On remand, Dr. Zarewych renewed his motion for summary disposition. In support, he filed an affidavit essentially averring that he had a good-faith belief that a life-threatening situation existed when he received Dr. Dharmani's request for immediate surgical assistance, and that the belief continued as he left the patient he was examining at his office, went to the hospital, and donned his

surgical gown. After discussing the case with Dr. Dharmani, Dr. Zarewych became aware that Denise Pemberton's situation was not life-threatening. He palpated the operative field, gave Dr. Dharmani his opinion, and left the operating room before the completion of surgery.

In response to this affidavit, plaintiffs argued that Dr. Zarewych should not be afforded immunity under the Good Samaritan statute because, although he initially believed that he was responding to a life-threatening situation, Dr. Zarewych was aware that the patient's condition was not life-threatening at the time he actually rendered medical assistance. The trial court again granted summary disposition in favor of the doctor with regard to the allegations of ordinary negligence. The court reasoned:

> Plaintiff has presented no affidavits or other evidence which counters the information in defendant's affidavit. The issue then becomes whether Dr. Zarewych must have had a good faith belief that a life-threatening situation existed at the time he actually assisted in the operating room in order to be cloaked in partial immunity. If so, then the defendant's motion must be denied because he has admitted that he realized the patient's life was not in danger when he arrived in surgery.
>
> But the language of the statute is broad and requires only that the physician, "respond to a request for emergency assistance in a life-threatening emergency within a hospital." The word "respond" is a general term, and this Court is obligated to apply it as accurately as possible to the instant facts. Here, Dr. Zarewych's acts of leaving his office full of patients, going directly to the hospital and preparing for surgery, all in the good faith belief that a life-threatening emergency existed constitutes a "response" within the meaning of the statute. This interpretation is consistent with the plain meaning of the words of the statute

and the legislative intent to encourage health care personnel to assist in emergencies where they have no duty to do so.

On appeal, plaintiffs first contend that the trial court erred in construing the statute to provide immunity for physicians who have a good-faith belief that a life-threatening condition exists at the time they respond to a request for emergency assistance, rather than at the time of actual treatment. We find no error.

A reading of the statute and the legislative analysis set forth in our prior opinion makes it clear that the purpose of the statute is to encourage medical personnel to answer calls for assistance in perceived emergency situations involving nonpatients. The statute was intended to simplify the physician's decision whether to come to the aid of a person who is not a patient but requires emergency treatment by removing the fear of a potential malpractice suit. See House Legislative Analysis, HB 4326, July 11, 1975. The focus of the statute is on the decision to respond to an emergency, as the trial court held.

Because the statute was intended to encourage medical personnel to respond to emergency situations where they have no legal duty to do so, it follows that the immunity afforded by the statute is triggered by the doctor's decision to respond. This, in turn, means that the facts at hand when the decision to respond is made, and the doctor's good-faith assessment of those facts, should control when deciding the statute's applicability.

Plaintiffs' narrow reading of the statute, requiring a good-faith belief that a life-threatening situation exists at the time treatment is actually rendered, does not further the Legislature's intent to encourage emergency response. Rather, it would

seem to promote *delaying* any response until it can be determined with a high degree of certainty that the person in need of aid will be in extremis when the doctor reaches that person. As we noted in our prior opinion, this cannot be what the Legislature intended. See 188 Mich App 322. We therefore reject plaintiffs' reading of the Good Samaritan statute in favor of the trial court's interpretation, and hold that MCL 691.1502; MSA 14.563(12) affords partial immunity for medical personnel who have a good-faith belief that a life-threatening situation exists at the time they respond to a request for emergency assistance.

In this case, Dr. Zarewych's affidavit averred that, on the basis of the information that was provided to him when he was contacted concerning Pemberton's surgery, he believed there was a life-threatening emergency in progress requiring a second surgeon. He immediately left his patient and his office, went to the hospital, and prepared for surgery. Only then did he discover that the situation was not life-threatening. Plaintiffs did not counter the doctor's affidavit with contrary statements or any other documentation. In the absence of a question of fact regarding whether Dr. Zarewych had a good-faith belief that a life-threatening situation existed when he responded to Dr. Dharmani's request for emergency assistance, the trial court properly granted summary disposition in his favor.[1]

---

[1] Plaintiffs contend that the issue of Dr. Zarewych's good-faith belief is a question of fact to be decided by the jury. It is often observed that summary disposition is inappropriate where questions of motive, intention, or other conditions of the mind are material issues. The existence of good faith is normally a question of fact for the jury that should not be resolved by summary disposition unless the evidence is undisputed or conclusive. *Karibian v Paletta*, 122 Mich App 353, 359; 332 NW2d 484 (1983); 88 CJS, Trial, § 219, p 503. Here, however, Dr. Zarewych's affidavit attesting to his good faith is uncontroverted. As observed by the trial court, plaintiffs presented no affidavits or other

Plaintiffs also argue that Dr. Zarewych, as a member of Crittenton Hospital's obstetrics and gynecology department, did not qualify for immunity under the Good Samaritan statute because the hospital's rules and regulations imposed upon him a "hospital duty" to respond to Dr. Dharmani's request for assistance. This argument is based on the statute's language limiting its grant of partial immunity to "instances where the actual hospital duty of [the responding physician does] not require a response to [an] emergency situation." MCL 691.1502(1); MSA 14.563(12)(1). Like the trial court, we reject plaintiffs' position.

The statutory language at issue was intended to indicate that the immunity afforded by the statute does not apply to persons whose actual function is to respond to emergency situations. *Matts v Homsi,* 106 Mich App 563, 567-568; 308 NW2d 284 (1981). Off-duty physicians, who are not on call and who have no duty to respond, fall within the protection of the statute. *Gordin v William Beaumont Hosp,* 180 Mich App 488, 494; 447 NW2d 793 (1989).

In this case, the hospital rule upon which plaintiffs rely provides that members of the department of obstetrics and gynecology are "encouraged" to act as "housestaff" for peers, "in a spirit of mutual cooperation." Clearly, this language merely encourages cooperation among departmental members. It cannot be construed as imposing upon off-duty physicians not on the hospital premises, such as Dr. Zarewych, an enforceable duty to respond to an emergency at the hospital. The trial court did not err in granting summary disposition with regard to this ground.

Affirmed.

evidence countering Dr. Zarewych's affidavit testimony. Plaintiffs may not rely upon mere allegations or denials in their pleadings to establish a genuine issue for trial. MCR 2.116(G)(4).