# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL PITTS,

      Plaintiff,

and

LUCIA ZAMORANO, M.D., PLC,

      Intervening Plaintiff-Appellant,

and

OMIC, LLC, doing business as OAKLAND MRI,

      Intervening Plaintiff,

v

JOHN DOE,

      Defendant,

and

STATE AUTOMOBILE MUTUAL INSURANCE
COMPANY,

      Defendant-Appellee.

UNPUBLISHED
August 21, 2018

No. 338371
Wayne Circuit Court
LC No. 15-010634-NI

MICHAEL PITTS,

      Plaintiff-Appellant,

and

LUCIA ZAMORANO, M.D., PLC, and OMIC,
LLC, doing business as OAKLAND MRI,

      Intervening Plaintiffs,

-1-

v                                                No. 338475
                                                 Wayne Circuit Court
JOHN DOE,                                        LC No. 15-010634-NI

                  Defendant,

and

STATE AUTOMOBILE MUTUAL INSURANCE
COMPANY,

                  Defendant-Appellee.

_____

Before: SWARTZLE, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

In these consolidated appeals arising from an automobile accident, plaintiff Michael Pitts, and intervening plaintiff Lucia Zamorano, M.D., PLC, each appeal as of right the trial court's order granting summary disposition to defendant, State Automobile Mutual Insurance Company (State Auto), pursuant to MCR 2.116(C)(10). We affirm in part, reverse in part, and remand for further proceedings.

## I. BASIC FACTS

On December 21, 2013, Pitts rear-ended a vehicle that had slowed to make a left-hand turn. After the impact, the rear of Pitts's vehicle struck a utility pole. On January 16, 2014, Pitts submitted an application for no-fault benefits to State Auto, his automobile insurer. He claimed injuries to his lower back, neck, left leg, and both ankles. When State Auto ceased making payments under the policy, Pitts filed a complaint asserting a claim of negligence against defendant John Doe, the driver of an unidentified third vehicle allegedly involved in the accident, and claims for uninsured motorist coverage and for additional personal protection insurance (PIP) benefits from State Auto. Lucia Zamorano, M.D., PLC, intervened to recover PIP benefits for medical services provided to Pitts for injuries sustained in the accident.

State Auto moved for summary disposition, arguing that coverage was precluded under the terms of the policy because Pitts made fraudulent representations in his application for no-fault benefits. It also argued that Lucia Zamorano, M.D., PLC's right to recovery was dependent upon Pitts's entitlement to benefits, and because Pitts was not entitled to receive PIP benefits, Lucia Zamorano, M.D., PLC's claim should also be dismissed.

In support of its motion, State Auto relied on three specific representations in Pitts's application for benefits. First, Pitts described the accident as having occurred while his vehicle was stopped at a red light. Second, Pitts denied receiving medical treatment for the same or similar symptoms before the accident. Third, Pitts denied that he previously received any wage loss benefits in the form of worker's compensation or Social Security benefits. State Auto

-2-

asserted that evidence obtained during discovery, including a police report, medical records, and Social Security records, showed that these representations were false. It also asserted that Pitts admitted during his deposition that his vehicle was moving at the time of the accident, that he had been treated for back and leg problems before the accident, and that he had received worker's compensation benefits from his former employer and that he had been receiving Social Security disability insurance (SSI) benefits since 1990. State Auto argued that there was no genuine issue of material fact that Pitts's statements in his application for benefits were false and that, under *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420; 864 NW2d 609 (2014), Pitts committed "bright-line" fraud, which triggered a fraud exclusion in the insurance policy and thereby operated to preclude coverage in connection with the accident.

The trial court agreed with State Auto and granted summary disposition in its favor, dismissing the claims of both Pitts and Lucia Zamorano, M.D., PLC. These appeals follow.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Pitts and Lucia Zamorano, M.D., PLC argue that the trial court erred by granting State Auto summary disposition. A grant or denial of a motion for summary disposition is reviewed de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). A motion brought under MCR 2.116(C)(10) tests the factual support for a party's claim. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). When reviewing a motion for summary disposition brought under subrule (C)(10), the court must examine all documentary evidence presented to it, and drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists. *Dextrom v Wexford Co*, 287 Mich App 406, 430; 789 NW2d 211 (2010). The court reviews the evidence but may not make findings of fact or weigh credibility in deciding a summary disposition motion. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). A trial court properly grants the motion when the evidence fails to establish any genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

### B. ANALYSIS

#### 1. DOCKET NO. 338371

Lucia Zamorano, M.D., PLC raises three arguments in support of its contention that the trial court erred by granting summary disposition in favor of State Auto. However, after the trial court granted State Auto's motion our Supreme Court decided *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017). State Auto argues that, under *Covenant*, Lucia Zamorano, M.D., PLC cannot maintain its action for recovery of PIP benefits regardless of the merits of its arguments on appeal. We agree.

In *Covenant*, the Supreme Court clarified that healthcare providers do not have an independent cause of action against insurers to recover no-fault PIP benefits for services provided to an injured insured. *Id*. at 195-196. *Covenant* applies retroactively to cases that were

-3-

pending on direct appeal, such as the present case, when *Covenant* was decided. *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 196; 909 NW2d 38 (2017); see also *VHS Huron Valley Sinai Hosp v Sentinel Ins Co (On Remand)*, 322 Mich App 707, 713-714; ___ NW2d ___ (2018). Although Lucia Zamorano, M.D., PLC's standing to bring an action for recovery of PIP benefits was not raised below, we find it appropriate to consider this question of law presented by State Auto's argument. See *Bronson Healthcare Group, Inc v Mich Assigned Claims Plan*, ___ Mich App ___; ___ NW2d ___ (2018) (Docket No. 336088), slip op at 2-3. *Covenant* is dispositive with respect to Lucia Zamorano, M.D., PLC's claim against State Auto. Accordingly, because *Covenant* establishes that Lucia Zamorano, M.D., PLC has no independent cause of action against State Auto for recovery of PIP benefits, we affirm the trial court's order dismissing intervening plaintiff's claim on this basis.

Yet, the Court in *Covenant* recognized that a healthcare provider's inability to bring a direct cause of action did not alter the injured party's ability to assign past or presently due benefits. *Covenant*, 500 Mich at 217 n 40. Although there is some indication that Pitts may have assigned to Lucia Zamorano, M.D., PLC his right to recover PIP benefits for services provided by Lucia Zamorano, M.D., PLC, no assignment of rights appears in the lower court record and a party may not expand the record on appeal. *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). In situations such as this, this Court has held that the healthcare provider should be given the opportunity to amend its complaint to pursue benefits on an assigned claim theory if it can establish that the injured party treated by the healthcare provider assigned his or her claims to the healthcare provider. See, e.g., *Bronston Healthcare Group,* ___ Mich App at ___; slip op at 3; *W A Foote Mem Hosp*, 321 Mich App at 196. Therefore, we affirm the trial court's decision granting summary disposition of Lucia Zamorano, M.D., PLC's claim in favor of State Auto, but remand for Lucia Zamorano, M.D., PLC to be given an opportunity to amend its complaint to assert a claim for recovery of benefits under an assignment theory.

2. DOCKET NO. 338475

Pitts initially argues that the trial court erred in granting summary disposition to State Auto on the basis of fraud because State Auto failed to plead a defense of fraud as an affirmative defense. Indeed, the record discloses that State Auto did not raise contractual fraud as an affirmative defense in its original answer or in its answer to Pitts's amended complaint. In *Baker v Marshall*, ___ Mich App ___; ___ NW2d ___ (2018) (Docket No. 335931), lv pending, the trial court granted summary disposition in favor of an insurer on the ground of the plaintiff's fraud, even though the plaintiff argued that the insurer had waived its fraud defense by failing to raise it as required by MCR 2.111(F). *Id*. at ___; slip op at 3. This Court held that because the insurer failed to plead fraud as an affirmative defense in its answer, amended answer, or a motion for summary disposition filed in lieu of a responsive pleading, it waived the defense. *Id*. at ___; slip op at 2. Unlike in *Baker*, however, in the present case Pitts did not argue below that State Auto waived its defense of fraud by failing to raise it as an affirmative defense. Instead, Pitts raises this issue for the first time on appeal. Michigan generally follows a raise or waive rule of appellate review in civil matters. *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008). "Under our jurisprudence, a litigant must preserve an issue for appellate review by raising it in the trial court." *Id*. at 387. Because Pitts failed to preserve this issue, the issue is waived and we decline to review it.

-4-

Pitts next argues that the trial court erred by granting summary disposition in favor of State Auto on the ground that he committed fraud by making false statements in his application for no-fault benefits. He contends that even if some of the statements in the application are false, a genuine issue of material fact exists with regard to whether he committed fraud when submitting the application. We agree.

The no-fault policy in this case contains a general fraud exclusion, which provides: "We do not provide coverage for any 'insured' who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy." The burden is on the insurer to demonstrate fraud by a preponderance of the evidence. *Mina v Gen Star Indemnity Co*, 218 Mich App 678, 685; 555 NW2d 1 (1996), rev'd in part on other grounds 455 Mich 866 (1997); *Stein v Home-Owners Ins Co*, 303 Mich App 382, 387-389; 843 NW2d 780 (2013). At the summary disposition stage, however, it is not enough for the moving party to demonstrate that it has grounds to assert that the plaintiff engaged in fraud; rather, it must show that there is no question of fact but that fraud occurred. See *Dextrom*, 287 Mich App at 415. For summary disposition to be granted, a defendant insurer must show that no reasonable trier of fact could reach a conclusion other than that the plaintiff engaged in fraud. See *West*, 469 Mich at 183 ("A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ.").

To prove that an insured has willfully misrepresented a material fact and acted to defraud its insurer, the following factors must be shown: (1) that the misrepresentation was material, (2) that it was false, and (3) that the insured knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and (4) that the insured made the material misrepresentation with the intention that the insurer would act upon it. *Mina*, 218 Mich App at 686. "A statement is material if it is reasonably relevant to the insurer's investigation of a claim." *Id*. An individual analysis based on the facts of each case is required, and where there is a question of fact as to any of the elements, summary disposition is improper. *Shelton v Auto-Owners Ins Co*, 318 Mich App 648, 656, 659-660; 899 NW2d 744 (2017). Intent to defraud is not shown where false statements are made as a result of inadequate memory, unintentional error, confusion, or the like. See generally *Mina*, 218 Mich App at 686. Courts should be reluctant to grant motions for summary disposition where an issue involves a state of mind. See *Pemberton v Dharmani*, 207 Mich App 522, 529 n 1; 525 NW2d 497 (1994) ("[S]ummary disposition is inappropriate where questions of motive, intention or other conditions of mind are material issues.").

Contrary to representations made in his application for no-fault benefits,[1] Pitts stated in his answers to State Auto's first set of interrogatories that he was traveling at 15 to 20 miles per hour when the accident occurred. Pitts similarly testified at his deposition that his vehicle was moving when the accident occurred. Pitts stated in his answers to interrogatories that he filed a

---

[1] Only the contradictions that are relevant to the three alleged misrepresentations that served as the basis for State Auto's motion will be discussed.

-5-

claim for SSI benefits in 1989 or 1990 for "a mental condition," and that he suffered from minor back pain before the accident. He testified that he did not complete the application for benefits, but merely signed it without reading it. Pitts explained that he had treatment for a back injury around 1995, but that the "situation was misdiagnosed" and that his injury was not actually a back injury, but rather peripheral artery disease. Pitts also testified that he had issues before the accident with his left leg and hip, disc bulges, degeneration and herniations, and arthritis pain in his lumbar spine, and that the accident worsened the conditions. He initially testified that he had never filed a worker's compensation claim before he filed the present lawsuit, but explained upon questioning that he had a claim against Ford Motor Company for job-related stress and did not know if "that falls under worker's compensation." He added that he had a full-duty disability retirement from his former employer and that he began receiving SSI benefits in 1990 due to an "affective disorder" and "substance abuse disorder." In his affidavit in response to State Auto's motion for summary disposition, Pitts averred that, because of the placement of the questions in the application for no-fault benefits, he believed that the questions about worker's compensation benefits and Social Security benefits pertained only to benefits associated with the present accident.

Even assuming that State Auto established that Pitts made material representations that were false in his application for no-fault benefits, the evidence summarized above creates a genuine issue of material fact regarding whether Pitts made the representations with knowledge that they were false or made them recklessly without knowledge of their truth. Accordingly, this case is factually distinguishable from *Bahri*, which involved unrebutted evidence of fraud. See *Shelton*, 318 Mich App at 655-656, 660 (distinguishing *Bahri* given the uncontested evidence of fraud in *Bahri*). In this case, Pitts's answers to State Auto's first set of interrogatories, as well as his deposition testimony and records produced during discovery, clearly conflict with the three representations at issue in the application for no-fault benefits. At his deposition, Pitts did not dispute the discrepancies, but provided explanations for them which, if believed, could support a finding that Pitts did not knowingly misrepresent the facts with the intent to defraud State Auto. "Fraud or false swearing implies something more than a mistake of fact or honest misstatements on the part of the insured. . . . . In order to prevail, the insurer must prove not only that the swearing was false, but also that it was done knowingly, willfully, and with intent to defraud." *Mina*, 218 Mich App at 686. We conclude that the conflicting evidence raises questions of fact and credibility that must be resolved by a trier of fact. A reviewing court "is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10)." *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). Therefore, we reverse the trial court's order granting summary disposition of Pitts's claims in favor of State Auto and remand for further proceedings.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing party in Docket No. 338475, Pitts may tax costs, and as the prevailing party in Docket No. 338371, State Auto may tax costs. MCR 7.219(A).

/s/ Mark J. Cavanagh
/s/ Michael J. Kelly